### In re LEIGH et al.

#### (District Court, D. Colorado. September 19, 1899.)

#### No. 222.

BANKRUPTCY—LIENS—UNRECORDED MORTGAGE.

    Where the law of the state provides that a mortgage of chattels shall not be valid, as against creditors of the mortgagor, if not recorded, or if it permits the mortgagor to retain, use, and sell the property affected, a mortgage which is open to these objections will not create a lien entitling the mortgagee to the possession of the property as against the trustee in bankruptcy of the mortgagor, though it would have been good as against the bankrupt himself.

In Bankruptcy. On review of decision of referee in bankruptcy.

This was a petition by a creditor of the bankrupt, exhibiting a chattel mortgage given by the bankrupt to secure a promissory note, covering a part of the stock in trade of the bankrupt. The chattels affected were in the possession of the trustee in bankruptcy, as assets of the estate. The petition prayed for leave to take possession of the mortgaged property and sell the same for the purpose of satisfying said note. The petition in bankruptcy was filed after the maturity of the mortgage, and before it was recorded. Possession was never taken or attempted to be taken by the mortgagee. The trustee, by his attorney, filed a demurrer to the petition, alleging as grounds of demurrer that, by reason of the failure to record the mortgage and take possession thereunder at maturity, the same was void as against the trustee in bankruptcy and the general creditors of the bankrupt. Mills' Ann. St. Colo. §§ 2027, 2028. It appeared that the mortgage was given within four months prior to the filing of the petition in bankruptcy. But it was conceded on the argument of the case before the referee that it was given in exchange for other security, and was therefore not an illegal preference. It was also conceded that the mortgage was valid as between the parties thereto, and that the transaction was free from any fraudulent intent on their part.

Patterson, Richardson & Hawkins, for petitioner.
Thomas H. Hardcastle, for trustee.

HALLETT, District Judge (orally). There was an argument some days back upon a ruling made by the referee, which ruling was brought into this court for review. Leigh Bros. were dealers in typewriting machines, and while they carried on business they made a chattel mortgage upon a portion of their stock to secure an indebtedness due to W. T. Branch. There were several mortgages in succession, some part of the indebtedness being paid from time to time, and the mortgage now in controversy is given to secure what was due in May, 1899. The mortgage in controversy (and all of them, apparently) was not recorded; and the question raised by the demurrer to the petition of Branch, who asked to have his mortgage allowed and sustained, and to have possession of the property described in it, is whether one claiming in good faith under an unrecorded mortgage at the time of the bankruptcy can have the property which is conveyed by the mortgage. The question is stated by the referee in this way:

"W. T. Branch filed his petition herein, exhibiting a chattel mortgage given by the bankrupt firm to secure its note to him, covering certain property in the possession of the trustee in bankruptcy, and praying for permission to take possession of and sell said mortgaged property for the purpose of satisfying said loan. The trustee filed a demurrer to said petition upon the ground that it appeared that said mortgage had never been recorded, and no possession taken thereunder, and that the same was therefore void as against the trustee in bankruptcy. The referee sustained the demurrer, to which ruling the petitioner has filed an assignment of errors, and prays for a review."

The referee delivered an opinion, which is returned with the papers, and which discusses the question very fully and fairly, and I think that he has reached a correct conclusion.

In my judgment, the whole matter is determined by the first clause of section 67 of the bankrupt act; that is, clause a, which reads as follows:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of creditors of the bankrupt, shall not be liens as against his estate."

Under the law of this state as expounded by the supreme court of the state, the petitioner's chattel mortgage was not a valid lien against the creditors of the estate. It was not valid, for one reason, because it was not recorded; for another reason, that it permitted the sale of the stock of Leigh Bros. under its terms, and that has been declared by the supreme court to be sufficient in itself to void a chattel mortgage. It was suggested by counsel for the petitioner in argument that a part of the business of Leigh Bros. was to rent machines, and I understood him to say that it ought to be assumed that these machines were for renting. But I think that is not reasonable. The principal business of Leigh Bros. was apparently the selling of typewriters, and if, incidental to that, they sometimes rented typewriters, I do not think that fact would enable us to say that the machines mentioned in this mortgage were such as were reserved for renting. Under the bankruptcy act, a mortgage

or other security is to have the construction which is given it by the courts of the state under the law of the state; and, as this mortgage would not be valid against the creditors of the estate under the law of the state, it is not valid under this clause of the bankruptcy act. There is another clause which is much to the same effect. It is clause e of section 70:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of adjudication."

Under the mortgage as interpreted by the courts of the state, Mr. Branch was not a holder of this property at all, nor was he a bona file holder. Under this clause, the trustee is especially empowered to avoid a transfer which a creditor of the bankrupt might avoid. I believe the position of the referee to be correct, and therefore it is affirmed.