## CITY NATIONAL BANK OF GREENVILLE v. BRUCE.

(Circuit Court of Appeals, Fourth Circuit. May 7, 1901.)

### No. 388.

BANKRUPTCY—VALIDITY OF LIEN—MORTGAGE GIVEN IN PART FOR PAST CONSIDERATION.

A mortgage given by a bankrupt within four months prior to his bankruptcy, in order to constitute a valid lien, under Bankr. Act 1898, § 67d, must have been given or accepted in good faith, and not in contemplation of, or in fraud upon, the act, and "for a present consideration." Where a mortgage so given was in part for a present consideration, and in part as security for a renewal of an antecedent debt previously secured by a mortgage, which was void as against other creditors because not recorded, it constitutes a valid lien to the extent of the new consideration, but is voidable as a preference to the extent that the notes secured were based upon the prior debt.

Appeal from the District Court of the United States for the District of South Carolina, in Bankruptcy.

L. O. Patterson (H. J. Haynsworth, on the brief), for appellant.
John H. Earle, for appellee.

Before SIMONTON, Circuit Judge, and PURNELL and WADDILL, District Judges.

WADDILL, District Judge. The question presented by this appeal is the correctness of the decision of the lower court in disallowing a certain portion of a lien, to wit, the sum of $919, asserted by the appellant, the City National Bank of Greenville, S. C., against the appellee, J. H. Bruce, trustee of the bankrupt estate of Alverson Bros. The facts are briefly these: On the 30th of January, 1900, an involuntary petition in bankruptcy was filed against the said firm, and in due time it was adjudicated a bankrupt. Among the liens asserted was one to collect a debt secured by mortgage in favor of the appellant, the City National Bank of Greenville. The mortgage was executed on the 9th of January, 1900, to secure a note of $3,600 of that date on the stock of merchandise then on hand belonging to the said firm, and was recorded on the 26th day of January, 1900. Prior to that time, to wit, on the 7th of October, 1899, the said firm had executed a mortgage to one S. J. Wilson to secure three notes, aggregating $2,500, with the said Wilson as surety, and payable at 30, 60, and 90 days from date, respectively. This mortgage was never recorded, but was indorsed by Wilson, and transferred to the bank as collateral security for the notes. The first two mortgage notes were paid, and on the 9th of January, 1900, when the third note, being for $919, fell due, the said mortgage of that date for $3,600 was executed; the appellant bank taking up the note it then held, included in the unrecorded mortgage of the 7th of October, 1899, and paying in cash the residue, to wit, $2,681. The referee and the court below each held the mortgage of the 9th of January, 1900, to be valid only to the extent of $2,681, being the present consideration paid thereon, and that as to the pre-existing debt of $919 it was invalid, and they both found nothing in the evidence to warrant the conclusion that the mortgage was not given and accepted in good faith, or that it was made in contemplation of, or in fraud of, the bankruptcy act.

By section 67d of the bankruptcy act, it is provided that "liens given or accepted in good faith, and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this act." To the extent, therefore, of the consideration paid at the time of the execution of the note and mortgage, there can be no doubt of the correctness of the decision of the lower court, and it would seem equally clear therefrom that the decision was correct as to the portion of the claim rejected, unless the mortgage of the 7th of October, also securing that portion, constituted a valid lien which entitled appellant, by reason of one security being a mere exchange for the other, to be paid that part of the claim. Clark v. Iselin, 21 Wall. 360, 22 L. Ed. 568; Cook v. Tullis, 18 Wall. 332, 21 L. Ed. 933. This mortgage, it will be observed, was never recorded, and under the statute of South Carolina (Act 1898, p. 747, Act No. 464), as well as the present bankruptcy act (section 67a), was invalid as to a subsequent creditor of the bank. In re Leigh (D. C.) 96 Fed. 806.

The referee heard the evidence, and passed upon the question of the existence of subsequent creditors, which, being a question of

fact, this court will not interfere with, unless the same appears to be plainly unsupported by the evidence. Appellant relies in support of its claim on paragraph "b" of section 60, which is as follows:

"If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of a petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

This paragraph refers to existing debts as distinguished from a security or lien given upon the bankrupt estate to raise ready money whereby the value of the estate is increased to the extent of the amount raised. Counsel earnestly insist that inasmuch as it is provided by this statute that preferences given shall be valid, unless those accepting such preferences shall have had reasonable cause to believe that it was intended thereby to give a preference that the mortgage of the 9th of January constitutes a valid security for the $919 as well as for the $2,681, the present consideration paid thereon.

Mr. Collier, in the third edition of his valuable treatise on the Bankruptcy Act, at page 355, in discussing the question of preferences, says:

"As a corollary to the proposition that only transfers which diminish the estate of the bankrupt are preferences, it may be stated that preferences arise only in the case of antecedent debts. The distinction between a security and a preference is determined in accordance with that corollary. Property transferred by a borrower at the time of receiving a loan, and for the purpose of making the lender safe, is a security. Its validity, if unaccompanied by positive fraud, is recognized and enforced in bankruptcy. But a transfer intended to enable one to secure payment of antecedent debt is a preference, if its effect is to give that creditor an advantage over others. If that is not its effect, it is a valid payment."

An array of authorities is cited in support of the text. In Tiffany v. Institution, 18 Wall. 375, 21 L. Ed. 868, Mr. Justice Davis, in speaking of the difference between preferences and the payment of antecedent debts and securities given at the time of incurring liabilities, says:

"Neither the terms nor policy of the bankrupt act are violated if these collaterals be taken at the time the debt is incurred. His [the bankrupt's] estate is not impaired or diminished in consequence, as he gets a present equivalent for the securities he pledges for the repayment of the money borrowed. Nor in doing this does he prefer one creditor over another, which is one of the great objects of the bankrupt law to prevent. The preference at which this law is directed can only arise in case of an antecedent debt. To secure such a debt would be a fraud on the act, as it would work an unequal distribution of the bankrupt's property, and therefore the debtor and creditor are alike prohibited from giving or receiving any security whatever for the debt already incurred, if the debtor had good reason to believe the creditor to be insolvent. But the giving securities when the debt is created is not within the law, and, if the transaction be free from fraud in fact, the party who loans the money can retain them until the debt is paid. In the administration of the bankrupt law in England, this subject has frequently come before the courts, who have uniformly held that advances may be made in good faith to a debtor to carry on his business, no matter what his condition may be, and that the party making these advances can lawfully take securities at the time of their repayment. And the decisions in this country are to the same effect."

Appellant's contention, in effect, raises the question of whether the mortgage of the 5th of January is a security or a preference, or both, and whether it can be both. It is offered to sustain a claim against the bankrupt estate of $3,600, and in order to maintain appellant's claim, and to enable it to secure a sum sufficient to cover the pre-existing indebtedness due the bank of $919, as well as the present consideration paid at the time of the giving of the mortgage, it must be admitted and allowed for the face value thereof, which makes it necessary to treat it as a lien upon the estate of the bankrupt for the full sum thereof, to the exclusion of the other debts. The previous debt due, by reason of the October transaction, has been entirely extinguished, and that incident settled and concluded, and a new obligation of the bankrupts given, to wit, for $3,600, the exact amount of the lien asserted, and hence falls within the express terms of subdivision "d" of section 67 of the bankruptcy act, namely, that, to be valid, it must be accepted in good faith, not in contemplation of or in fraud upon the act, for a present consideration, and properly recorded. The decision of the lower court seems to be in accordance with the fair interpretation of the statute, and supported by authority, and the same is hereby affirmed.