### In re BELDING.

### Ex parte WACHUSETT BANK.

#### (District Court, D. Massachusetts. June 27, 1902.)

#### No. 4,997.

**1. BANKRUPTCY—PREFERENCES—TRANSFER OF PROPERTY AS SECURITY.**

A lien on property given by a debtor within four months prior to his bankruptcy, and while insolvent, as security for an antecedent debt, from which the creditor after the bankruptcy realized a sum which he applied as a payment on the debt, constitutes a preference, the same as a direct payment would have done, and the amount of the payment must be surrendered by the creditor before he can prove his debt.

In Bankruptcy. On review of referee's decision with reference to claim of Wachusett Bank.

Charles E. Ware, for trustee.

W. H. Leonard, for bank.

LOWELL, District Judge. The petition in bankruptcy in this case was filed August 3, 1901. The bankrupt was insolvent during the four months preceding the filing. On April 2, 1901, he was indebted to the creditor (1) on the $4,000 note here offered for proof, and (2) on a $1,000 note, for which the creditor held as collateral 10 shares of railway stock. On April 4th the bankrupt received from the creditor $5,000 cash and the $1,000 note, and gave a new note for $6,000, taking as collateral security therefor 40 shares of the stock, including the 10 shares before mentioned. Since the filing of the petition, this stock has been sold, and has realized more than the amount due on the $6,000 note. The balance of the proceeds was credited on the $4,000 note, leaving $3,017.80 due thereon, which last amount the creditor here seeks to prove. The trustee contends that the balance credited on the $4,000 note is a preference, which must be returned before the proof can be allowed. The creditor contends that it had a valid banker's lien on the amount claimed as a preference, which lien was left undisturbed by the bankrupt act. Without determining if there existed in this case the ordinary implied lien of a

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 259.

banker, let us suppose, for the sake of the argument, that at the time the $6,000 note was given there had been made an express agreement that the creditor should have a lien upon the stock to secure the payment of the $4,000 note. In so far as this lien was given to secure a pre-existing debt, and was without present consideration, it would be invalid as a preference. Bank v. Bruce, 48 C. C. A. 236, 109 Fed. 69; In re Durham (D. C.) 114 Fed. 750; In re Kellar (D. C.) 110 Fed. 348; In re Wright Lumber Co. (D. C.) 114 Fed. 1011. An advantage given by the bankrupt to a creditor without present consideration does not cease to be a preference because it is given in the form of a lien, or of a sale of property without full consideration, instead of in the form of a direct payment. Stern v. Trust Co., 50 C. C. A. 367, 112 Fed. 501. A preference is not the less a preference because the bankrupt first gave the creditor, not the property itself, but a lien thereupon, and the creditor subsequently sold the property, and realized on the lien, in order to pay the debt. If the facts stated in the case at bar do not amount to a preference, an easy way of avoiding the provisions of the bankrupt act has been discovered.

The judgment of the referee is affirmed.