FARMERS' BANK OF EDGEFIELD, S. C., v. C. D. CARR & CO. et al.

In re T. FURSE & CO.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1904.)

No. 507.

1. BANKRUPTCY—SECURED CLAIMS—PRESENT ADVANCES.

A mortgage given to secure present advances, made in good faith, to a person who within four months thereafter becomes a bankrupt, is valid.

2. SAME—ANTECEDENT DEBTS.

Where, at the time of the execution of a mortgage to secure antecedent debts and a present advancement, the evidence showed that the mortgagor knew it was in failing circumstances, and that, if such fact was not known to the president of the mortgagee, it was known to other of the mortgagee's officers, and could easily have been ascertained by the president, and the mortgagor became a bankrupt within four months thereafter, the mortgage could not be sustained as security for the antecedent debts on the ground that it was given under a bona fide belief on the part of both mortgagor and mortgagee that the mortgagor was solvent.

Appeal from the District Court of the United States for the District of South Carolina, at Charleston, in Bankruptcy.

This case comes up on appeal from the District Court of the United States for the District of South Carolina, sitting in bankruptcy. T. Furse & Co., having been adjudged bankrupts, the Farmers' Bank of Edgefield, S. C., filed its petition setting up a mortgage upon the stock of goods of the bankrupts, executed 6th September, 1902, given to secure three several notes—one dated 17th April, 1902, for $400, one dated 7th June, 1902, for $300, one dated 6th September, 1902, for $300. The referee reported that this mortgage was executed within four months of the adjudication in bankruptcy; that the notes of 17th April and 7th June were for antecedent unsecured debts, and that the note of September 6, 1902, was for a present loan. He reported as his opinion that as to the first two notes the mortgage was invalid, and that as to the September note it was a good lien. Exceptions were taken to this on behalf of the mortgagee, and on the hearing before the District Court the referee was sustained. The mortgagee obtained leave to appeal, and the case is here on assignments of error, all going to the validity of the mortgage as to the April and June notes. No other assignments of error were filed.

T. M. Mordecai, for appellants.
Barnard B. Evans, for appellees.

Before GOFF and SIMONTON, Circuit Judges, and McDOWELL, District Judge.

SIMONTON, Circuit Judge. We are thus confined to the single question whether this mortgage is valid as to the April and June notes. The essential principle of the bankrupt law is that all of the bankrupt's property be divided equally, without preference, to the payment of his debts. It abhors preferences. But if bona fide an advance in præsenti be made to one who afterwards within four months becomes a bankrupt, that will be sustained, and a lien therefor held valid. And it has been held that if a debtor and creditor, both bona fide, believe that the

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 259.

debtor is solvent, and neither have cause to believe otherwise, a mortgage given when an actual advance is made securing as well the sum advanced as antecedent debts will be held valid, although four months thereafter the debtor be declared bankrupt. McNair v. McIntyre, 113 Fed. 113, 51 C. C. A. 89; Pirie v. Trust Co., 182 U. S. 446, 21 Sup. Ct. 906, 45 L. Ed. 1171. But the fact that neither the debtor nor the creditor knew, or had reason to know, that the debtor was in failing circumstances or insolvent, must be made to appear clearly and without question. McNair v. McIntyre, supra.

We have examined the testimony in this case in the record. It is impossible to escape the conclusion, after reading that testimony, that the bankrupts certainly knew their precarious condition as to insolvency; and that, if the president of the Edgefield Bank did not know it, he had every reason to do so if he had used his opportunities, and that certainly other officers of the bank knew it. The bare fact that, before he would make the September loan, he required a mortgage of all the stock in trade of the bankrupts as security for the antecedent loans is strong proof of this.

We see no error in the decree of the District Court. It is affirmed.