## In re GREAT LAKES LUMBER CO.

(District Court, W. D. Pennsylvania. April 22, 1925.)

No. 9703.

1. **Bankruptcy** ☞161(1)—**Mortgage held preferential as to money previously advanced to bankrupt.**

A mortgage executed by bankrupt within the four months period *held* preferential as to money which was advanced to and used by bankrupt several days before its execution.

2. **Bankruptcy** ☞310 — **Mortgages** ☞112— **Future advances clause available to assignee of mortgage; creditor held secured by mortgage expressly covering future loans.**

A provision in a mortgage which ran to the mortgagees, their executors and assigns, that it should stand as security for future advances *held* to inure to the benefit of an assignee, and a subsequent loan by it to bankrupt, to be used in its general business, *held* within the security of the mortgage.

In Bankruptcy. In the matter of the Great Lakes Lumber Company, bankrupt. On review of orders of referee. Reversed as to one order, and affirmed as to one.

Mook & Randall, of Erie, Pa., for petitioners.

Gunnison, Fish, Gifford & Chapin, of Erie, Pa., for Commercial Lumber Co.

SCHOONMAKER, District Judge. This case is now before the court on certificate of review on petition filed by general creditors of the bankrupt, asking the court to review the orders of the referee allowing to the Commercial Lumber Company, as a secured creditor, the sum of $3,500 advanced to the bankrupt on November 9, 1920, and $1,500 advanced to the bankrupt on December 4, 1920, both on the theory that said amounts were secured by mortgage dated November 15, 1920, and recorded November 15, 1920, given by the bankrupt to J. H. West, J. H. Young, and R. C. Thompson, and by them assigned on November 30, 1920, to the Commercial Lumber Company, the claimant here. This assignment was never recorded, but it appeared that it was delivered on or about its date. This mortgage is in the penal sum of $35,348.82, and is conditioned for the payment to the mortgagees, their certain executors, administrators, or assigns, of the sum of $17,674.41, being the amount of a certain note of even date of said mortgage, and conditioned likewise for the payment of any renewal or renewals thereof, or substitution or substitutions thereof, in whole or in part, or of a larger amount than $17,-674.41, but not exceeding $25,000; it being recited by the said mortgage that it was given for the purpose of securing the payment of said recited obligation, "as well as any sum or sums of money which may hereafter be advanced by the said mortgagees to the mortgagor by way of loan, not exceeding in the aggregate (including the amount of the said obligation) the sum of $25,000, with lawful interest."

The referee held that all the sums claimed by the mortgagees under this mortgage, with

the exception of the sum of $3,500 advanced on December 4, 1920, secured past indebtedness, and that the claimant was not a preferred lien creditor for the amount so claimed. With reference to the item of $1,500 and the item of $3,500, the referee finds as follows:

"On November 9, 1920, $3,500 was advanced the Great Lakes Lumber Company, by J. H. Young giving them his check, and then upon his return to Warren, Pa., the Commercial Lumber Company gave him their check. This money was used to pay the freight and for the lumber held by the railroad for payment thereon, to pay some interest at the bank, and to pay the pay roll of the bankrupt. This claim was allowed as a secured claim under a mortgage given by the bankrupt on November 15, 1920, to cover certain money already loaned and for any future advances made to it up to the amount of $25,000. On December 4, 1920, the Commercial Lumber Company advanced the bankrupt the sum of $1,500, to be used in the business, and the claim for this amount was allowed as a secured claim under the aforesaid mortgage, which covered future advances."

The question really before the court is whether or not the mortgage as given and signed really covers a present consideration, so far as concerns these two items. The referee found that the item of $3,500 was advanced to the bankrupt on the 9th of November, 1920, by J. H. Young, one of the mortgagees named in the mortgage, and that he was reimbursed this amount on November 11, 1920, by the Commercial Lumber Company, the assignee of the mortgagee. The referee also finds that this $3,500 advanced on November 9, 1920, was used to pay for lumber then held by the railroad pending the payment of drafts with bill of lading attached.

[1] The trouble with the referee's findings in this regard is that he overlooks the fact that this advancement was made prior to the date of execution and delivery of the mortgage. This advancement was made on the 9th of November, 1920, and to the extent of such advancement J. H. Young then became a creditor. So far as the mortgage may have been given to secure that advancement, it was given for the purpose of securing an already existing indebtedness, and a preference would be created in the Commercial Lumber Company, the present assignee of the mortgage. The mortgage showed that it was given to secure the payment of the note of $17,674.41, bearing even date of the mortgage, and it does not appear that the $3,500 was included in this sum. Whatever was done in the way of loaning money to the bankrupt to lift these cars of lumber was done several days prior to the execution and delivery of the mortgage, and could not, therefore, be a part of a present consideration for the execution and delivery of the mortgage. If this $3,500 is included in the mortgage debt, the mortgage to that extent was given to secure a past debt, and would, to that extent, create a preference and be classed with the other debts, which the referee held to be invalid in so far as they were deemed to be secured by the mortgage.

[2] Now, as to the $1,500 advanced by the assignee of the mortgage to the bankrupt on the 4th of December, 1920, there is nothing in the evidence to indicate that this money was advanced under the cover of this mortgage for the purpose of preferring any creditors over another. Of course, a mortgage cannot be used as a vehicle by which to prefer a creditor. Money loaned by mortgagee, who knows that the money is to be used for the purpose of preferring creditors, would not be protected as a mortgage lien claim under the Bankruptcy Act.

However, with reference to the $1,500, it is not disclosed that there was any intention on the part of the bankrupt or the party loaning the money to use the proceeds of this loan for the purpose of creating a preference. The most that is said about the uses of the money was that it was to pay bank interest for the purpose of keeping the Great Lakes Lumber Company in condition to go along as a going concern, and this would not be evidence from which to find that the mortgage was to be used as a vehicle for creating a preference.

We are of the opinion that the referee was right in holding that this sum of $1,500 was an advancement under the mortgage for a present consideration and therefore valid. The exceptants in this case urge that the clause in relation to future advances contained in the mortgage was a personal one to the mortgagee, and that it did not apply to the assignees of the mortgage. The mortgage, however, ran to the mortgagees, their attorneys, executors, administrators, and assigns, and we think the assignees of the mortgage are within the provision with reference to advancement and are entitled to protection for advances which they made under the mortgage. An order may be made, re-

versing the referee as to the allowance of $3,500 as a secured claim, and affirming his allowance of $1,500 as a secured claim.