## In re BLOOM.

(District Court, W. D. Pennsylvania. September 17, 1926.)

No. 11771.

Bankruptcy ⇐310.

Holder of mortgage on bankrupt's property, given within four months preceding bankruptcy, in part to secure past indebtedness, *held*, under Bankruptcy Act, § 67d (Comp. St. § 9651), entitled to preferred claim only to extent of loan in excess of past indebtedness.

In Bankruptcy. In the matter of the bankruptcy of Griffith G. Bloom, trading as the Park Garage Company. On certificate to review findings of referee allowing a preferred claim of the Cambria Title & Trust Company. Referee's finding overruled in part.

McCann & Knuff, of Ebensburg, Pa., for First Nat. Bank of Ebensburg.

Edward Knuff, of Ebensburg, Pa., for Cambria Title & Trust Co.

Evans & Evans, of Ebensburg, Pa., for First National Bank of Gallitzen.

SCHOONMAKER, District Judge. This case comes to the court on certificate to review the findings of the referee in bankruptcy allowing as a preferred claim the mortgage debt of the Cambria Title & Trust Company in the sum of $8,000. The facts of the case as found by the referee are: "The Cambria Title Savings & Trust Company, hereafter referred to as the bank, of Ebensburg, loaned Bloom $8,000 on a second mortgage, which was dated September 2, and recorded September 8, 1924. $3,500 was placed to Bloom's credit on his checking account, and $4,500 was used to take up obligations owed by Bloom as maker or indorser to the bank. The bank was depository for Bloom, and, where he transacted his business, Bloom was adjudicated a bankrupt on the 15th of December, 1924."

Under this state of facts we are of the opinion that the referee was clearly wrong in holding this mortgage to be a valid preferred lien for more than $3,500. As we view it, $3,500 was the only present consideration for the execution and delivery of that mortgage. Under section 67d of the Bankruptcy Act (Comp. St. § 9651), mortgage liens within the four-month period are valid only to the extent of the present consideration. We hold that under the facts disclosed $4,500, the balance of the mortgage beyond the sum placed to the credit of the bankrupt, was to secure a past indebtedness of the bankrupt to the

hank. In re Thomas (D. C.) 29 Am. Bankr. Rep. 945, 199 F. 214; Schacht Motor Car Co., 31 Am. Bankr. Rep. 624; City National Bank of Greenville v. Bruce, 6 Am. Bankr. Rep. 311, 109 F. 69, 48 C. C. A. 236; Farmers Bank v. Carr, 11 Am. Bankr. Rep. 733, 127 F. 690, 62 C. C. A. 446; In re C. J. McDonald & Son (D. C.) 24 Am. Bankr. Rep. 446, 178 F. 487, Thompson, Trustee, v. American Lumber Co., 4 Am. Bankr. Rep. (N. S.) 40, 148 Tenn. 470, 256 S. W. 447; Great Lakes Lumber Co., In re (D. C.) 5 Am. Bankr. Rep. (N. S.) 850, 8 F.(2d) 96.

We therefore must overrule the findings of the referee to the extent that he allowed the claim of the Cambria Title Savings & Trust Company as a preferred mortgage lien for more than $3,500.

An order may be submitted accordingly.