## STATE v. SEXTON.

1. A rehearing upon questions not discussed by counsel in their briefs or presented by assignments of error will be permitted where the circumstances are exceptional, and the question is raised for the first time in the court.

2. A statute which provides a special proceeding applicable to only a part of the counties is unconstitutional.

3. Laws 1893, c. 64, repeals all acts and parts of acts inconsistent with itself. Section 1 provides that "the county court of each county having a population of twenty thousand or over, shall have jurisdiction in all civil actions cognizable by a justice of the peace, except * * * and exclusive original jurisdiction in all matters of probate, guardianship and settlement of estates of deceased persons." Section 2 provies that "in all counties having a population of less than twenty thousand the county court shall have exclusive original jurisdiction in all matters of probate, guardianship and settlement of estates of deceased persons, and no other jurisdiction whatever." *Held*, that the bastardy act of 1893, giving county court jurisdiction in bastardy proceedings, was repealed by this statute.

(Opinion filed June 14, 1898.)

Error to Minnehaha county court.   Hon. W. A WILKES, Judge.

On rehearing.

Edward G. Sexton was convicted of bastardy and brings error.

In an opinion reported in 10 S. D. 127, 72 N. W. 84, the judgment was affirmed.   In this opinion upon rehearing the former judgment of this court is reversed and the case remanded to the county court with directions to dismiss the proceeding for want of jurisdiction.

*A. B. Kittredge* and *James Ballantyne*, for plaintiff in error.

*C. P. Bates* and *D. J. Conway*, for defendant in error.

HANEY, J.   The judgment herein having been affirmed, (10 S. D. 127, 72 N. W. 84), defendant petitioned for a rehearing on the ground that the court below was without jurisdiction. Ordinarily a rehearing will not be granted upon questions not discussed by counsel in their briefs or which are not presented by the assignments of error. Tolman Co. v. Bowerman, 6 S. D. 206, 60, N. W. 751.   But where circumstances are exceptional, and 'the question one that can be raised for the first time in this court, it may be the duty of the court to permit the presentation of such question by granting a rehearing.   When the petition was pending in this proceeding, the attention of the court was called to the complicated condition of legislation relative to the procedure in bastardy cases, and the conclusion was reached that the bastardy act of 1893, so far, at least, as it is applicable to counties having less than 20,000 population, ceased to have any force after the first Monday of January, 1895.   State v. Knowles (10 S. D.

471) 74 N.W. 201. And as it would necessarily follow, if such act no longer remained in force in any of the counties, that proceedings under its provisions would have to be held void whenever any person refused to comply with judgments rendered thereunder, it was deemed proper to grant a rehearing in this proceeding for the purpose of determining whether any of the county courts have jurisdiction in this class of cases, and thus avoid further complications and uncertainty.

As stated, the court has heretofore decided that the remedy provided by the act of 1893 ceased to exist, in all counties having less than 20,000 population, in January, 1895. State v. Knowles, *supra.* Did it continue in force in counties having more than that number of people? An act which took effect on the first Monday of January, 1893, and which repealed all acts and parts of acts inconsistent with itself, contains the following:

"Section 1. The county court of each county having a population of twenty thousand or over, shall have jurisdiction in all civil actions cognizable by a justice of the peace, except actions for the forcible entry or detainer of real property in all cases where the debt, damage, claim or value of the property involved shall not exceed one thousand dollars, and criminal jurisdiction in all cases of misdemeanor; and exclusive original jurisdiction in all matters of probate, guardianship and settlement of estates of deceased persons.

"Sec. 2. In all counties having a population of less than twenty thousand the county court shall have exclusive original jurisdiction in all matters of probate, guardianship and settlement of estates of deceased persons, and no other jurisdiction whatever."

Laws 1893, c. 64.

The jurisdiction conferred by the first section does not expressly include bastardy proceedings, and there is much force in the contention that its language excludes such cases. However this may be, the statute should not be construed as repealing the bastardy act, so far as it applies to one class of counties, and as not repealing it so far as it applies to others, for such construction would impute an intention on the part of the legislature to violate the constitution. A statute which would, in effect, provide a special proceeding applicable to only a part of the counties, would certainly conflict with the organic law. McClain v. Williams — S. D., 75 N. W. 391. We therefore hold that the bastardy act of 1893 was entirely repealed; that the court was without jurisdiction in this proceeding; and that its judgment is a nullity.

It is doubtless unfortunate that so much confusion should have arisen regarding the procedure in this class of cases, but this court is not responsible for it, and it has gone further than usual in this case for the purpose of removing all doubt concerning the rights of parties affected by the conflicting legislation on this important subject; the result of our decisions being to leave the law as it existed when the act of 1893 was adopted. State v. Knowles, *supra.* If the remedy afforded by the former statute should be deemed inadequate, the legislature can remove its defects by more careful and wisely-considered legislation. The review of this proceeding by means of a writ of error not having been objected to in this court, the judgment is reversed, and the case remanded to the county court, with directions to dismiss the proceeding for want of jurisdiction.