## STATE V. RODDLE.

Under Laws 1897, c. 90. making the secretary of state a member of the brand and mark committee, and providing that 20 per cent. of the fees paid under said act shall be paid to each member of said state brand and mark committee as full compensation for their services, the secretary of state is entitled to receive such 20 per cent., in addition to his salary as secretary of state, as compensation for his services as a member of the brand and mark committee, notwithstanding Const. art. 4, § 13; Id. art. 21 § 2.—fixing the salary of the secretary of state at a sum named, and providing that his powers and duties shall be prescribed by law, and that he shall receive "no fees or perquisites whatever for the performance of any duties connected with this office."

(Opinion filed January 24, 1900.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action by the State of South Dakota against William H. Roddle to recover certain moneys received by defendant, as a member of the brand and mark committee, while holding the office of secretary of state. From a judgment for defendant, the state appeals. Affirmed.

*John L. Pyle,* Attorney General and *Alva E. Taylor,* Assistant Attorney General for appellant.

The defendant while acting as secretary of state could not receive additional compensation for his own use for his services on the brand and mark committee. The fees received for such services should be accounted for by him and paid into the state treasury. § 1 Chap. 89 Laws 1890; § 2 Chap. 105 Laws 1891; § 2 Art. 21 Const. S. D.; § 13 Art. 4 Const. S. D ; Quaw v. Paff, 74 N. W. Rep. 369; Rooney v. Supervisors, 40 Wis. 23; Jones

v. Supervisors, 14 Wis. 518; Crocker v. Supervisors, 35 Wis. 284; Supervisors v. Knipfer, 37 Wis. 496; Carlyle v. Henderson, 31 Pac. 117; Field v. Marye, 3 S. E. 707; Turpan v. Commissioners, Tipton county, 7 Ind. 172; Miami v. Blake, 21 Ind. 32; People v. Devling, 33 N. W. 269; Palmer v. City of New York, 2 Sandf. 318; Haynes v. State, 3 Humph, 480; 1 Dill. Mun. Corp. 233; State v. Raiell, 31 N. E. 741; People v. Warner, 7 Hill 81; Comer v. City of New York, 5 N. Y. 285; Cooley Const. Lim. p. 200.

*Cheever & Hall,* for respondent.

Cited *contra:*—19 Am. & Eng. Enc. of Law 530; Cooley Const. Lim. 207, 220, 505; United States v. Chassel, 6 Blatchf, 421; United States v. Sanders, 120 U. S. 126; In re Conrad, 15 Fed. Rep. 641; State v. Harrison, 116 Ind. 300; State v. Walker, 97 Mo. 162; Philadelphia v. Martin, 125 Pa. St. 583; Detroit v. Redfield, 19 Mich. 376; Love v. Baehr, 47 Cal. 364; Melone v. State, 51 Cal. 549; Converse v. United States, 62 U. S. 192; United States v. McDaniel, 7 Pet. 1; United States v. Ripley, 7 Pet. 18; United States v. Fellebrown, 7 Pet. 28; State v. Thomas, 88 Tenn. 491; Redwood county v. Tower, 28 Minn. 45; State v. Felton, 59 Miss. 402; Pass v. Grenada county, 71 Miss. 426; State v. Hall, 68 Miss. 719; Milwaukee County v. Ehlers, 45 Wis. 281.

HANEY, J.   The only question presented by this appeal is whether the defendant shall receive compensation for his services on the brand and mark committee, in addition to his salary as secretary of state.   The state constitution provides that the powers and duties of the secretary of state shall be as prescribed by law, that he shall receive an annual salary of $1,800,

and that he shall receive no fees or perquisites whatever for the performance of any duties connected with his office. Const. Art. 4, § 13; *Id.* Art. 21, § 2. The act creating the state brand and mark committee requires the governor, immediately after its passage, and every two years thereafter, to appoint three reputable stock raisers, residents of the state, who shall be men of good judgment and experience in brands and marks, and who shall be chosen from those largely interested in cattle, two of whom shall reside west of the Missouri river, and who shall hold their offices for a term of two years, and until their successors are appointed. "Said three persons so chosen, together with the secretary of state shall constitute the state brand and mark committee. Said committee shall meet at least twice each year at the office of the secretary of state, and as often at the call of the chairman as is necessary to transact the business of the board. A chairman shall be elected for a term of two years at the first meeting of said board. Vacancies that may occur shall be filled by the governor. The secretary of state shall as soon as practicable after the passage of this act procure a suitable book or books in which all brands and marks shall be recorded. Each person desiring to have his brand and mark recorded, as hereinafter provided, shall pay into the office of the secretary of state a fee of one dollar and fifty cents ($1.50) for recording such brand or mark, twenty per cent. of all of which fees so paid into said office shall be paid to each member of said state brand and mark committee as full compensation for their services and twenty per cent. of said fees shall constitute a fund out of which to defray the expenses of the secretary of state incidental to the discharge of his duties as a member of said commit-

tee." The committee is given power to accept and reject proposed brands, to decide all conflicts relating thereto, and to have general control and supervision of the subject of registered brands and marks. Laws 1897, Chap. 90.

The legislature may undoubtedly impose additional duties upon the secretary of state, or any other public officer, without providing for additional compensation; and there is no limit upon its power to create new offices, for which it may provide such compensation as it may deem proper. State v. Kipp, 10 S. D. 495, 74 N. W. 440. It was held in California, under constitutional provisions substantially the same as here, that although the constitution is wholly silent with respect to the duties to be performed by the attorney general, secretary of state, controller, and treasurer, and contains no express limitation on the power of the legislature as to the nature of the duties it may impose on these officers, yet a limitation on this power is necessarily implied from the nature of these offices; that such limitation will be found in the general class of duties which the incumbents of similar offices performed in other states before the constitution was adopted; that, in assigning to these officers their duties, the legislature possesses a wide discretion, with which the courts will not interfere unless the duties assigned are in their nature wholly foreign to the office; and that the attorney general was entitled to compensation as a member of the board of examiners, in addition to his salary as attorney general. Love v. Baehr, 47 Cal. 364. Without deciding that the implied limitation defined by the California court exists in this state, or, if it does, that the duties imposed upon the defendant as a member of the brand and mark committee might not have been imposed upon him as

secretary of state, we are clearly of the opinion that it was within the province of the legislature to provide for a new officer to perform such duties, and the question arises whether in this instance it intended to do so. The language of the act is plain, its meaning is unmistakable, and there can be no doubt that the legislature intended the person holding the office of secretary of state to retain 20 per cent. of the brand fees as compensation for his services as a member of the brand and mark committee. Such act cannot be construed as adding new duties to the office of secretary of state, because such construction would impute an intention on the part of the legislature to violate the constitution. State v. Sexton, 10 S. D. 127, 75 N. W. 895. When ascertainable, the legislative will must prevail; and its enactments must, if possible, be so construed as to give effect to the evident intention of the lawmaking power. This can be accomplished in this case only by holding that the legislature deemed the duties of the brand and mark committee as not properly belonging to the office of secretary of state. In the exercise of its discretion, the legislature evidently determined to create a new office, designating the person who should perform its duties, instead of adding such duties to the office of secretary of state. Such intention must be presumed, because it provides that the person performing such duties shall receive compensation therefore in addition to his salary as secretary of state. If it had intended to add such duties to those already pertaining to the office of secretary of state, it would, in obedience to the requirements of the constitution, have required him to perform them without additional compensation. Whether or not these duties should have been added to those already required of the secretary is a

question of legislative policy, with which the courts are not concerned.   Whether the duties pertaining to existing offices shall be enlarged, or new offices created, as new conditions arise, is a matter peculiarly within the province of the legislative department.   If there are any defects in the legislation under discussion, such defects may be easily remedied.   If there is any objection to state officers being members of such boards as the brand and mark committee, the representatives of the people may be trusted to remove and avoid such objection by wiser and more appropriate legislation.   The judgment of the circuit court is affirmed.