## LEACH v. MISTERS.

ESTATES OF DECEDENTS—PETITION FOR LETTERS OF ADMINISTRATION—MATTER IN ISSUE—JUDGMENT—JURISDICTION.

1. Upon the hearing of a petition for the appointment of an administrator of the estate of a deceased person, the only question to be determined is whether or not an administrator should be appointed, and, if so, who should be appointed.

2. A petition held to be one for the appointment of an administrator of the estate of a deceased person, which was filed by a daughter alleging the former residence and death intestate in the county of her father; that he left an estate in the county, consisting of real and personal property, which had been in the possession of his widow since his death; that, in addition to such property, the decedent was in possession, at the time of his death, as trustee for the petitioner, of certain personal property, which he had fraudulently transferred to said widow, and which the latter holds possession of; which petition was entitled in the matter of the father's estate, was addressed to the District Judge, and prayed for a hearing; that letters of administration be issued to the petitioner, and that thereafter the said widow be required, by proper order, to account for the assets of the estate, as also the property held in trust; that the property be duly appraised, and distributed to the persons entitled thereto, and for such other relief in the premises as may be proper.

3. Upon the hearing under such petition, and an answer of the widow denying that the deceased left an estate, and denying also the alleged trust and fraudulent transfer, and

evidence taken in relation to the ownership of the property
in decedent's possession at the time of his death, the court
was without jurisdiction to render judgment that the
widow pay to the petitioner a certain sum of money, or
show cause why she should not be punished for contempt,
and the judgment so rendered was void, since the question
of the right or title to the property as between the petitioner
and the widow was not and could not be put in issue in
the pending proceeding.

[Decided January 6, 1905.]          (79 Pac., 28.)

Error to the District Court, Natrona County, Hon.
Charles W. Bramel, Judge.

The material facts are stated in the opinion.

*E. D. Norton,* for plaintiff in error.

The court had no jurisdiction to render the judgment
appealed from. Jurisdiction is the power and authority
constitutionally conferred upon a court or judge to pro-
nounce the sentence of the law or to award the remedies
thereby provided upon a state of facts, proved or admitted,
referred to a tribunal for decision and authorized by law
to be the subject of investigation by that tribunal, and in
favor of or against persons (or a res) who present them-
selves or who are brought before the court in some manner
sanctioned by law as proper and sufficient. A court cannot
adjudicate upon a subject not falling within its province,
neither can it go beyond the issues or pass upon a matter
not submitted or intended to be submitted for its deter-
mination. The subject matter of jurisdiction is to be found
in the allegations of the litigants. (1 Black on Judgments,
Secs. 215, 216; Mfg. Co. v. Beyer, 17 Am. St., 143; 12
Ency. Law, 301; Asso. v. McGowan, 59 Ga., 811; Blair v.
Bank, 8 Mo., 313; *Ex parte* Cohen, 6 Cal., 318.) A judg-
ment is void where the court had no jurisdiction of the
subject matter; and such jurisdiction cannot be conferred
by consent or neglect. (Springer v. Shavender, 54 Am. St.,
708; Pope v. Blair, 105 Mo., 85.) There must be a prop-

erly framed petition or other pleading showing a cause of action within the jurisdiction of the court before it can lawfully proceed to adjudicate. There must be power in the court conferred by law to render a judgment on the pleadings, along the lines prayed for, or it will be inoperative and void.

If it be conceded that the court sitting in probate had authority to act at all in this case, then its adjudication could only be as to whether or not an administrator should be appointed, and no question was raised by the pleadings or the evidence that would authorize a personal judgment against the appellant. The appellant was in no sense a party to the proceeding when the judgment was rendered, and she cannot be bound by the judgment against her. For the reasons stated the judgment is absolutely void. (Thomas v. People, 107 Ill., 517; Keeler v. Stead, 7 Am. St., 323.) A court has no right to act upon mere notions or whims as to what is right regardless of the questions submitted for adjudication. A court of equity must be guided by established rules and precedents. (Sell v. West, 125 Mo., 621; Springer v. Shavender, *supra.*)

No brief for defendant in error.

BEARD, JUSTICE.

On July 15th, 1901, Lettie M. Misters filed her petition in the District Court of Natrona County, which petition is entitled, "In the matter of the estate of Seymour C. Leach, deceased." And is addressed "To the Hon. Charles W. Bramel, Judge of the District Court."

The petition states in substance that Lettie M. Misters is thirty-three years of age and a resident of Natrona County, Wyoming; that Seymour C. Leach died intestate on or about July 20th, 1896, in said county, where he resided at the time of his death; that he left an estate in said county, consisting of real and personal property not exceeding in value the sum of five thousand dollars; that

she is the daughter and Sarah Leach is the widow of deceased, and that there are no other heirs at law or next of kin of deceased; that all of said property has been since the death of said Seymour C. Leach in the possession of his widow, Sarah Leach; that in addition to said property, the deceased had in his possession, at the time of his death, as trustee, under an agreement with Cynthia Leach, his former wife, and the mother of petitioner, other personal property which was to be turned over to petitioner upon her arriving at the age of majority, and that she attained that age in August, 1887; that deceased failed to turn over the property to her, but fraudulently transferred it to said Sarah Leach, who took and now holds possession of the same.

The prayer is for a hearing, and that letters of administration be issued to petitioner or some other competent person, "and that thereafter the said Sarah Leach be required, by proper order of the court, to make a due and proper accounting of all the assets of said estate, including the property held by the said Seymour C. Leach at the time of his death, as trustee for your petitioner, and now in the possession of the said Sarah Leach, as aforesaid, and that all of the said property be duly and properly appraised as provided by law, and that said property, as provided by law, be distributed to the persons entitled thereto, and have such other and further relief in the premises as this court may deem meet and proper."

To this petition Sarah Leach, the widow of deceased, on August 15th, 1901, filed a paper entitled, "Answer to the petition for letters of administration, filed in the above entitled action." The answer admits the allegations of the petition, except those in relation to the alleged trust, fraudulent transfer of property to her by her husband, and the fact that deceased left an estate, which are denied; and she pleads the statute of limitations.

The case was referred to a referee to take the evidence in writing, which was done, and on December 8th, 1902,

the court rendered the following judgment: "It is hereby adjudged, ordered and decreed that Sarah E. Leach pay to Lettie M. Misters five hundred dollars on or before January 8th, 1903, or show cause why she should not be punished for contempt of court; to which ruling the said Sarah E. Leach excepts."

A motion for a new trial was denied and the case comes to this court on error. There was a large amount of testimony taken in the case in relation to the ownership of certain property, none of which it is necessary to consider under the view we take of the case. The petition is for the appointment of an administrator of the estate of Seymour C. Leach, deceased, and the only question to be determined by the District Court was, whether or not an administrator should be appointed, and, if so, who should be so appointed. This the court did not do; the judgment above recited being the only judgment or order made by the District Court upon the hearing. The question of the right or title to the property as between Lettie M. Misters and Sarah Leach was not and could not be put in issue in the pending proceeding, and the money judgment or order for Mrs. Leach to pay to Mrs. Misters five hundred dollars, or show cause why she should not be punished for contempt, was entirely outside of the issues and beyond the jurisdiction of the court on this application for letters of administration. The learned Judge of the District Court seems to have erroneously regarded the case as an action between Mrs. Misters and Mrs. Leach to settle the rights of property between them; but we do not so consider it. We have not been favored with a brief on behalf of Mrs. Misters, and, therefore, do not know upon what grounds she claims that the judgment should be sustained.

The judgment of the District Court is reversed, the order requiring Sarah E. Leach to pay five hundred dollars to Lettie M. Misters is vacated and the case remanded to the District Court for further proceedings according to law.

*Reversed.*

Potter J., concurs.