In Re Barrett's Estate.

## BARRETT v. BARRETT.

### (No. 750.)

Executors and Administrators—Appointment—Waiver of Rights —Appeal and Error—Probate Matters—Jurisdiction—Final Order—Parties—Order on Reversal.

1. The right to letters of administration vested by statute in the children of a decedent, can be claimed only by the filing of a petition in the manner provided by statute.

2. Where three of four children of a decedent join in asking for the appointment of one of them as administrator, the two who had united in requesting the appointment of the one named in the petition therefor waived their rights, at least as to the issues then before the court in a contest for the appointment presented by said petition and one filed by another child of the decedent praying for his appointment.

3. Under the statute giving the children an equal right to administration, authorizing the appointment of one or more persons equally entitled to letters, upon petition in writing signed by the applicant or his counsel and filed with the Clerk of the Court, and providing that any interested person may contest the petition, by filing written opposition thereto, on the ground of the applicant's incompetency, or may assert his own rights to the administration and pray for letters to be issued to himself, and further providing that on the hearing the allegations and proofs of the parties must be heard, and letters issued to the party best entitled thereto, where the court, upon consideration of opposing petitions by two children, found both to be competent, one or the other or both of them should have been appointed and the court was without authority in such proceeding to deny both of the petitions and order the appointment of another child for whose appointment no petition had been filed, but who had joined in one of the petitions on file.

#### ON PETITION FOR REHEARING.

4. A party has the same right of appeal from a judgment or final order of the District Court in probate matters as in civil actions—that is by proceeding in error—unless as to a particular matter he is deprived of that right by some express provision of the statute.

5. The provisions of the civil code defining a judgment or final order which is subject to review in an appellate court being made applicable to proceedings under the probate code, the order of the District Court in a probate proceeding affecting a substantial right is a final order reviewable in the Supreme Court upon a petition in error.

6. An order by the District Court appointing an administrator, upon the consideration of opposing petitions for such appointment, is a final order affecting a substantial right in a probate proceeding, and as such is reviewable in the Supreme Court on error.

7. Two children having filed opposing petitions to be appointed administrator, and the court, although having found both to be competent, erroneously appointed another child who had joined in one of the opposing petitions, and one of the two petitioners brought a proceeding in error to reverse such order without making the other petitioner a party to the proceeding in error, *held*, that whatever might have been the effect of a suggestion of a defect of parties at an earlier stage of the proceeding in error, it was too late to object on that ground by petition for rehearing to a review of the order complained of, so far as it denied the petition of the plaintiff in error and granted letters to the defendant in error, for the other petitioner was not a necessary and indispensable party for the consideration and review of the order in those particulars. *Held,* further, that the other petitioner not being a party to the proceeding in error, the matter of appointment as between him and the plaintiff in error should not be determined by the appellate court; but the cause should be remanded with directions to vacate the appointment of defendant in error, and for further proceedings not inconsistent with the law governing the appointment of administrators as stated in the court's opinion.

[Decided March 3, 1914].                    (138 Pac. 865).
[Rehearing Denied June 1, 1914].            (141 Pac. 95).

ERROR to the District Court, Sweetwater County; HON. DIAVID H. CRAIG, Judge.

The material facts are stated in the opinions.

*N. R. Greenfield,* for plaintiff in error.

The power of the District Court to grant letters of administration is purely statutory, and the District Court in

this case was without jurisdiction to appoint Mary Barrett as administratrix, for the reason that there was no petition on file for her appointment, and no opportunity was given to interested persons to file objections thereto. (Comp. Stat. 1910, Sec. 5513; Dugan v. Super. Ct., 149 Cal. 98, 84 Pac. 768; Matter of Page, 107 N. Y. 266, 14 N. E. 193; Shipman v. Butterfield, 47 Mich. 487, 11 N. W. 283; Leach v. Misters, 13 Wyo. 239, 79 Pac. 28; Moore v. Moore, 32 Neb. 509, 50 N. W. 443; Haug v. Primeau, 98 Mich. 91, 57 N. W. 25). Although the court had jurisdiction of the subject matter, and perhaps jurisdiction of both parties to the proceeding, that jurisdiction was only for the purpose of deciding the questions presented by the petitions respectively asking the appointment of James Barrett and Patrick C. Barrett. (Gille v. Emmons, 58 Kan. 118, 48 Pac. 569, 62 Am. St. 609; Munday v. Vail, 34 N. J. L. 418; Reynolds v. Stockton, 43 N. J. Eq. 211, 10 Atl. 385; Windsor v. McVeight, 93 U. S. 277).

By joining in the petition for the appointment of Patrick C. Barrett, Mary Barrett waived her statutory right to appointment. (Comp. Stat. 1910, Secs. 5518, 5519; Est. of Kirtlan, 16 Cal. 161; Bedell's Est., 97 Cal. 339, 32 Pac. 323; Silvar's Est., (Cal.) 46 Pac. 296; Sullivan's Est. 25 Wash. 430, 75 Pac. 793). The court was authorized to act in pursuance of statutory provisions and not otherwise. Having found both the petitioners to be competent, one or both of them should have been appointed. Patrick having taken no exception to the denial of his petition or to the appointment of Mary, but having acquiesced in such appointment, the denial of his petition must be treated as settled for all purposes of this proceeding. (Coan's Est., 132 Cal. 401, 64 Pac. 691; Brundage's Est., 141 Cal. 538, 75 Pac. 175). The petition for the appointment of Patrick raised no issue as to the competency of James. The court therefore could not entertain any question as to his competency, and any evidence directed to that point was incompetent and should have been excluded. The law presumed that he possessed the necessary statutory qualifications.

(Gordon's Est., 142 Cal. 125, 75 Pac. 672; Est. of Heldt, 98 Cal. 553, 33 Pac. 549). The only issues before the court were the competency of Patrick to serve as an administrator, and the value of the estate for the purpose of fixing the amount of his bond. (Warner's Est., (Cal.) 92 Pac. 181). Mary Barrett is not a proper person to be appointed for the reason that she claims property in hostility to the other parties interested in the estate. (Mills v. Mills, (Ore.) 29 Pac. 443; Manser's Est., (Ore.) 118 Pac. 1024; Healy's Est., 122 Cal. 162, 66 Pac. 175; Moody v. Moody, 29 Ga. 519; Pickering v. Pendexter, 46 N. H. 69; Ellmaker's Est., 4 Watts, 34; Bieber's App., 11 Pa. St. 167; Stearns v. Fiske, 18 Pick. 24; Moore v. Moore, 12 N. C. 353; Drake v. Green, 10 Allen, 124; Putney v. Florcher, 148 Mass. 247, 19 N. E. 370; State v. Biddinger, 26 Mo. 483; Bridgman v. Bridgman, (W. Va.) 3 S. E. 530; 2 Woerner on Adm., (2nd Ed.) p. 525).

*T. S. Taliaferro, Jr.,* for defendant in error.

The competency of Mary Barrett was brought into the proceeding by the evidence and the court ordered her appointment because she seemed to be the most competent. She announced that she would accept the appointment and subsequently filed her petition. The court was not without authority to make such appointment, but might properly do so in his discretion. (Comp. Stat. 1910, Secs. 5503, 5516, 5517). It was not necessary that Patrick should except to the action of the court in appointing Mary in order to protect his rights as against the application of James. (Hecht v. Carey, 13 Wyo. 154). The court having acquired jurisdiction retained it for all purposes. Mary, Patrick and Ed. Barrett each having the same right to administration as James, protested against the appointment of the latter, and at the hearing, upon notice to all parties, and all three parties with their attorneys being present in court, and the court having considered the evidence and finding Mary to be the most fitted to administer the estate, it was not improper for the court to order the issuance of letters to her.

(Shiels' Est., 52 Pac. 808). The right of Mary Barrett had not been conclusively waived. (Rowell v. Adams, 83 S. C. 124). To claim ownership of property adverse to the estate does not render a person, otherwise competent and entitled, incompetent to serve as administrator. (Carmody's Est., 88 Cal. 616, 26 Pac. 273; Davis' Est., 10 Mont. 228, 25 Pac. 105; Bauquier's Est., 88 Cal. 312, 26 Pac. 176; Muersing's Est., 37 Pac. 521). Miss Barrett filed a petition as suggested by the court, and thereby complied with the statute. The filing of the petition of James Barrett gave the court jurisdiction to determine whether he or some other person should be appointed. (Woerner on Adm., Sec. 263; Ross on Prob. Law and Prac., Sec. 239; Hamilton's Est., 34 Cal. 464). Although Miss Barrett had not filed an application, her appointment would be valid. (Delorme v. Please, 19 Ga. 220; Atkins v. McCormick, 49 N. C. 274; Robinson v. Epping, 24 Fla. 237; Koller's Est., 105 Pac. 551).

*T. S. Taliaferro, Jr.* and *M. E. Wilson*, for defendant in error, on petition for rehearing.

A proceeding in error from an order of the District Court appointing an administrator is not authorized by law. (State v. Reddish, (Mo.) 129 S. W. 53; Grover v. Fowler, (Mo.) 18 S. W. 968). There can be no new trial of the case and the motion for new trial raised no question. Quist v. Hill, 154 Cal. 748, 99 Pac. 204; Sheets v. Henderson, 77 Kan. 761, 93 Pac. 577; Antonioli's Est., (Mont.) 111 Pac. 1033). Therefore, a proceeding in error based upon the assignment that the court erred in overruling James Barrett's motion for a new trial is of no force. The application of Patrick as well as that of James was denied. Either James or Patrick might apply to this court for a writ of mandamus to compel his appointment, or the appointment of both, but James can obtain no benefit from his motion for a new trial, or a proceeding in error. The petition in error should therefore be dismissed, since the sole assignment of error based upon the overruling of the motion for new

trial is insufficient. The three petitioners for the appointment of Patrick Barrett at all times objected to the appointment of James, and if there was any withdrawal of their petition it was solely upon the condition that Mary be appointed. Such withdrawal cannot inure to the benefit of James. Patrick Barrett is not a party to this proceeding in error, and his right as between himself and James should not have been adjudicated. All of the four children were parties to the proceeding, and this proceeding in error cannot be prosecuted without making each of them a party. (2 Woerner on Adm., 1201; Jones v. Marsh, 30 O. St. 20; Smelter v. Rainey, 14 O. St. 287; Veach v. Kerr, 41 O. St. 179). If jurisdiction of the proceeding is to be entertained, and the judgment reversed, the cause should be remanded either for a new trial or with directions to appoint either Patrick or James, or both. Patrick's assent to Mary's appointment ought not to deprive him of his right to object to the appointment of James. The case having been developed along a line held to be erroneous a reversal should not be accompanied by a direction for a particular judgment. (Allen v. Anderson, (Tex.) 96 S. W. 54; New v. Village, (N. Y.) 52 N. E. 647; Lopez v. Rowe, (N. Y.) 57 N. E. 501; McDonald v. McDonald, 16 Vt. 630; Braggins v. Holekamp, (Tex.) 68 S. W. 57; Robson v. Hamilton, (Ore.) 69 Pac. 651; Min. Co. v. Min. Co., 25 Utah, 282; City v. Cornell Univ., 118 Fed. 379; Allen v. Parmelee, 142 Fed. 354; Call v. Call, (W. Va.) 40 S. E. 380; Kannawha Dispatch v. Fish, (Ill.) 76 N. E. 352; Boulare v. Newton, 18 Gratt. 708; McRea v. McWilliams, 58 Tex. 328; Walker v. Page, 21 Gratt. 636; Tod v. Stanbaugh, 37 O. St. 469; Bowlby v. Dewitt, (W. Va.) 34 S. E. 919).

BEARD, JUSTICE.

In this case it appears that Mary Barrett, a widow, residing in Sweetwater County, this State, departed this life on December 11, 1912, leaving an estate in said county, and leaving her four children, Mary Barrett, James Barrett, Patrick C. Barrett and Ed. Barrett, her heirs at law, all

of whom were of full age (Mary being unmarried) and all residing in said county. That on January 2, 1913, James filed his petition in the District Court of said county, praying that he be appointed administrator of the estate of said Mary Barrett, deceased. On January 8, 1913, the other three children joined in a petition praying for the appointment of Patrick C. Barrett as such administrator. On January 15, 1913, James filed objections to the appointment of Patrick C., and the matter of the two petitions and the objections came on for hearing and were heard by the court January 20 and 21, 1913. Evidence was taken, the matters argued by counsel and submitted to the court and judgment entered on said last mentioned date wherein the court found, so far as necessary to be considered here, as follows: "That neither of the two petitioners have been found incompetent, but that upon all the evidence it appears to the court that it would be for the best interests of the estate that Mary Barrett, the oldest daughter and oldest child of said decedent, Mrs. Mary Barrett, is more competent from her education and business ability and experience to handle the affairs of said estate than either the said James Barrett or Patrick Barrett; Wherefore, it is ordered by the court that both of the petitions, that of James Barrett and that of Patrick Barrett, be denied, and that Mary Barrett be, and she is hereby, appointed administratrix of the estate of Mrs. Mary Barrett, deceased." From that judgment James Barrett appeals.

The statutory provisions applicable to the case are contained in the following sections of the Compiled Statutes, 1910. Sec. 5502. "Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, * * * * * * and they are, respectively entitled thereto in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed. 2. The children." The order of others, not necessary to mention here, follows. Sec. 5503. "Where there are several persons equally entitled to administer, the court

or judge or commissioner thereof in vacation may grant letters to one or more of them;" * * * * Sec. 5513. "Petitions for letters of administration must be in writing, signed by the applicant or his counsel, and filed with the clerk of the court," * * * * * Sec. 5516. "Any person interested may contest the petition, by filing written opposition thereto, on the ground of the incompetency of the applicant, or may assert his own rights to the administration and pray that letters be issued to himself. In the latter case the contestant must file a petition and must submit evidence in support thereof, * * * * and the court or judge must hear the two petitions together." Sec. 5517. "On the hearing the allegations and proofs of the parties must be heard, and the court or judge thereof must order the issuing of letters of administration to the party best entitled thereto." Sec. 5519. "Administration may be granted to one or more competent persons although not otherwise entitled to the same, at the written request of the person entitled, filed in court."

In this case the only issues presented by the papers on file were, the competency of Patrick C and, if he was found to be competent, whether he or James or both of them should be appointed, there being no written opposition filed as to the competency of James. (Estate of Gordon, 142 Cal. 125, 75 Pac. 672). On the death of the mother each of the children had the right to apply for letters, and if competent, equally entitled to appointment, subject only to the discretion of the court to appoint one or more when more than one applied. The right to letters in the present case was an absolute right vested by the statute in the children, and that right could be claimed only in the manner provided, by the filing of a petition in writing. Mary and Ed. having united with Patrick C. in asking his appointment thereby waived their rights at least in so far as the issues then before the court were concerned. (In re Sullivan's Estate, 25 Wash. 430, 65 Pac. 793; Estate of Richard Kirtlan, 16 Cal. 162). The court having found both James and Patrick C. competent was limited in its discretion to de-

termining which of them should receive the appointment if
both were not to be appointed. (McClellan's Appeal, 16
Pa. St. 110; In re Meyer's Estate, 9 Cal. App. 694, 100
Pac. 712; Estate of Turner, 143 Cal. 438, 77 Pac. 144).
The court having found both of the applicants, James and
Patrick C., competent it was error to refuse to appoint
either one or both of them, and it was also error to appoint
Mary who was not an applicant at that time, but had joined
in the petition requesting the appointment of Patrick C. It
is insisted, however, that after the evidence had all been in-
troduced, arguments heard and the matter submitted to the
court, that the court on its own motion announced while all
parties were present that he would deny both applications
and if Mary would accept the appointment and would file
a petition asking to be appointed he would appoint her, and
that she then stated that she would accept the appointment.
We find among the original papers certified to this court
her application subscribed and sworn to and filed January
24, 1913, three days after the matter had been heard and
judgment entered. The bill of exceptions as originally filed
did not show that state of facts, and the defendant in error
suggested a diminution of the record and was permitted to
withdraw the bill for correction, and had some three pages
inserted therein reciting what the court said after the mat-
ter was submitted and before judgment entered. The plain-
tiff in error has moved to strike those pages from the bill.
As we view it it does not change the situation whether they
are or are not in the bill. The reasons for the court's decis-
ion are not important to be stated in the bill, and if the
amendment to the bill was intended to modify or change the
judgment as made and entered of record it is perfectly clear
that that cannot be done merely by a recital in a bill of ex-
ceptions. It is not, therefore, necessary to pass upon the
motion. The error of the District Court was in denying
the applications of James and Patrick C. when he found
both to be competent. It should have appointed either the
one or the other, or both, and in the circumstances had no
discretion to do otherwise. James took exceptions to the

denial of his application, but neither Mary, Ed or Patrick C. took any exception to the denial of their petition for the appointment of Patrick C. and are not here complaining on that account. The judgment denying the petition of Patrick C. not being appealed from became final; and we are of the opinion that the judgment of the District Court denying the petition of James and appointing Mary should be reversed and the cause remanded with direction to vacate the appointment of Mary Barrett as administratrix of the estate of Mary Barrett, deceased, and to appoint James Barrett as such administrator upon his qualifying according to law; and it is so ordered.

*Reversed and remanded with directions.*

SCOTT, C. J., concurs.

POTTER, J., did not sit.

### ON PETITION FOR REHEARING.

POTTER, JUSTICE.

A petition for rehearing has been filed in this case by the defendant in error. The proceeding in this court is to review an order denying the petition of James Barrett, a son of Mary Barrett, deceased, for his appointment as administrator of the estate of said decedent, and granting letters of administration to Mary Barrett, a daughter of the decedent. At the former hearing it was ordered that the cause be remanded with directions to vacate the appointment of Mary and to appoint James administrator upon his qualifying according to law. (138 Pac. 865). Two petitions for administration of the estate had been filed; the first by James Barrett, the plaintiff in error, praying that he be appointed administrator, and the second by the other children of the decedent praying the appointment of Patrick C. Barrett, one of the petitioners. Upon the hearing the District Court found that neither James nor Patrick C. was incompetent, but that Mary Barrett was more competent than either of them to handle the estate, by reason of her education, business ability and experience, and it was ordered that she be appointed. At the suggestion of the court when announc-

ing its conclusions, as shown by the former opinion, Mary thereafter filed a petition for her appointment, and without any further hearing letters were issued to her upon the order aforesaid. This court held that it was error to deny the applications of James and Patrick C. when both were found to be competent, and that one of them, or both, should have been appointed.

The grounds upon which a rehearing is asked are substantially as follows: (1) That an order appointing an administrator is not reviewable in this court on error. (2) That if such an order should be held reviewable, there is nothing here to consider, for the reason stated in the brief filed in support of the petition that it is assigned as error only that the court erred in overruling the motion for new trial, and that such a motion was improper because the finding that both of the two petitioners were competent left no issue of fact to be re-examined. (3) That there is a defect of parties in this court, in that Patrick C. Barrett is not made a defendant in error, and that the court is without jurisdiction to adjudicate his right to the appointment. These questions are raised for the first time by the petition for rehearing, but so far as they relate to the jurisdiction of the court to consider the cause, or to dispose of it by directing the appointment of James, they may and should, we think, be considered, although not discussed or suggested in the brief upon the former hearing. (Ry. Co. v. New Albany &c. Co., 48 Ind. App. 647, 96 N. E. 28; Walter Box Co. v. Blackburn, (Tex. Civ. App.) 157 S. W. 220; State v. Sexton, 11 S. D. 105, 75 N. W. 895).

It is not clear that the point made with reference to the sufficiency of the assignments of error to present any question for review should be considered when suggested for the first time on a petition for rehearing. But counsel for defendant in error are mistaken as to the errors assigned by the petition in error, for it is not true that the only assignment is that the court erred in overruling the motion for new trial. That is the tenth assignment of error. We find in the petition in error nine other separate assignments;

and under the first three general assignments, respectively, we find statements of several grounds in support thereof in separately numbered paragraphs. The first assignment of error alleges irregularity in the proceedings of the court by which the plaintiff in error was prevented from having a fair hearing in the matter before the court; and under that assignment to show irregularity it is alleged among other things that no petition was filed for the appointment of Mary Barrett; that plaintiff in error was given no opportunity to file objections to her appointment, or to question her competency; that said appointment was made without notice to the plaintiff in error, and was a departure from the established procedure governing the appointment of administrators; that the court was without jurisdiction to make said appointment; that it was made without due process of law; and was not warranted by the pleadings before the court upon the hearing, but the appointment was irregular and void, and an abuse of discretion. The second assignment complains of errors of law in two stated particulars with reference to the admission and rejection of evidence upon the hearing. The third assignment is to the effect that the court erred in several particulars, among them the following: In denying the petition of James Barrett; in appointing Mary Barrett; and in not finding the plaintiff in error to be best entitled to letters of administration. The fourth assignment is to the effect that the findings, decision and judgment of the court are outside the issues and unwarranted by the pleadings. The fifth, that the findings, decision and judgment are not sustained by the pleadings. The sixth, that the findings, decision and judgment are not sustained by sufficient evidence. The seventh, that the decision appointing Mary Barrett is contrary to law. The eighth and ninth, that the decision and judgment are contrary to law. It cannot seriously be contended, we think, that these assignments are insufficient to raise the question of the regularity of the appointment of Mary Barrett upon the issues before the court upon the hearing, or the authority or jurisdiction of the court to make

that appointment. But if the question might be debatable, and could properly be raised for the first time on petition for rehearing we do not feel called upon to discuss it further, since the argument of counsel is based upon a misconception of what is assigned as error.

That a party has the same right to appeal from a judgment or final order of the District Court in probate matters as in civil actions—that is by proceeding in error—unless as to a particular matter he is deprived of that right by some express provision of the statute, was declared by this court in Weidenhoft v. Primm, 16 Wyo. 340, 64 Pac. 453. It was held that such right of appeal was granted by the following provisions of the probate code, which appeared in the original act establishing the probate procedure in a chapter under the head of orders, decrees, process, minutes, records, trials and appeals: "Except as otherwise provided in the probate code, the provisions of the code of civil procedure are applicable to and constitute the rules of practice in the proceedings mentioned therein." (Comp. Stat. 1910, Sec. 5466). "The provisions of code of civil procedure, relative to new trials, and appeals—except in so far as they are inconsistent with the provisions of the probate code—apply to the proceedings mentioned therein." (Id. Sec. 5467). "If no jury is demanded, the court must try the issues joined. * * * * * * Either (party) may move for a new trial on the same grounds and errors, and in like manner, as provided by law for civil actions." (Id. Sec. 5468). The words "probate code" were not used in the original sections, nor the word "therein" appearing at the end of Sections 5466 and 5467, respectively; those words were used by the compilers, and no doubt properly so, as better expressing the provisions in a compilation of the statutes. In the original act the sections referred to were respectively numbered 9, 10 and 11 of Chapter 20. By Section 9 of said original act it was declared that the provisions of the code of civil procedure are applicable to and constitute the rules of practice in the proceedings mentioned ·"in this act", except as otherwise provided in the act. By Section 10 it was

declared that the provisions of the code of civil procedure
relative to new trials and appeals apply to the proceedings
mentioned "in this act", except in so far as they are in-
consistent with the provisions of the act.   In the case cited
(Weidenhoft v. Primm) it was contended that under a sec-
tion of the probate code, providing for the determination of
the rights of persons to an estate, and to whom distribution
should be made, the judgment in that respect was not re-
viewable, for the reason that the section declared that "such
determination shall be final and conclusive in the administra-
tion of said estate and the title and ownership of said prop-
erty."   But we held that said provision was not intended to
and did not take away the right to have the judgment of the
district court in that particular reviewed on error.   And
this court has heretofore reviewed on error an order ap-
pointing an administrator, without its jurisdiction to do so
having been questioned.   (Leach v. Misters, 13 Wyo. 239,
79 Pac. 28;  Rice v. Tilton, 13 Wyo. 420, 80 Pac. 828).
Also an order removing an executor.   (Hecht v. Carey, 13
Wyo. 154, 78 Pac. 705, 110 Am. St. Rep. 981).   It
cannot reasonably be doubted, we think, that the effect of
the provisions aforesaid of the probate code with reference
to new trials and appeals, and making the provisions of the
code of civil procedure applicable, is to give the right to
complain on error in this court of a judgment or final order
of the district court in a probate proceeding.   A judgment
or order which is subject to review in an appellate court is
defined in the code of civil procedure as follows:   "An
order affecting a substantial right in an action, when such
order in effect determines the action and prevents a judg-
ment, and an order affecting a substantial right, made in a
special proceeding, or upon a summary application in an
action, after judgment, is a final order which may be
vacated, modified or reversed, as provided in this chapter."
(Comp. Stat. 1910, Sec. 5107).   Again it is provided in
Section 5109 as follows:   "A judgment rendered or final
order made by the district court, may be reversed, vacated
or modified by the supreme court, for errors appearing on

the record." And in Section 5111 it is provided: "The proceedings to obtain such reversal, vacation, or modification, shall be by petition in error, filed in a court having power to make the reversal, vacation or modification, and setting forth the errors complained of." These provisions being made applicable to proceedings under the probate code, it clearly follows that an order in such a proceeding affecting a substantial right is a final order reviewable in this court upon a petition in error. And we think it also clear that the order here complained of is such an order. (McCallip v. Sharp, 13 O. Dec. (Ni. Pri.) 650).

In the former opinion it was stated that no exceptions to the denial of the petition for the appointment of Patrick C. Barrett was taken by either Mary, Ed or Patrick C., and that they were not here complaining of the denial of that petition; and that the order in that respect became final. That was the only reason given in the opinion for directing the appointment of James; although the court had in mind other reasons based upon a consideration of the conflicting claims of the respective petitioners as to the amount and value of the property of the estate. But it is now urged that the right of Patrick C. to be appointed administrator is not before this court, since he is not a party to the proceeding in error; and that any waiver on his part by reason of his failure to except to or appeal from the order that was made was conditional upon the appointment of Mary, to which he had no objection. We think the point well taken. The denial of the petition for Patrick's appointment and the granting of letters to Mary were embraced in the same order, and having no objection to her appointment Patrick C. might well have refrained from excepting to the order and of complaining in this court of her appointment and the denial of his petition for that purpose. Neither Patrick C. nor Ed Barrett, who had joined with Mary in the petition for Patrick's appointment, were made parties to this proceeding in error. They are not described in the title of the case in this court which is given in the petition in error as follows: "In the Matter of the Estate of Mrs.

Mary Barrett, or Mary Barrett, deceased. James Barrett, plaintiff in error v. Mary Barrett, defendant in error." In the precipe for summons in error the case is referred to only as James Barrett, plaintiff in error, v. Mary Barrett, defendant in error; and the request for the issuance of summons in error was general, without naming any other person than Mary Barrett to be notified of the proceeding in error; and she was the only person named as defendant in error in the summons in error, and, by the indorsement thereon, she appears to have been the only person notified or served.

Whatever might have been the effect of a suggestion of defect of parties at an earlier stage of the proceeding in error, we think it is now too late to object on that ground to a review of the order so far as it denied the petition of James and granted letters to Mary, for Patrick and Ed are not in our opinion necessary and indispensable parties for the consideration and review of the order in those particulars. But Patrick C. Barrett not being a party here the matter of the appointment as between him and James should not be determined in this proceeding in error, and we think that we went too far in directing the appointment of James. This can be corrected, however, without a rehearing by a modification of the order remanding the cause. The petition for rehearing will, therefore, be denied, and the order heretofore entered will be modified by an order remanding the cause with directions to vacate the appointment of Mary Barrett as administratrix of said estate and for further proceedings not inconsistent with the former opinion respecting the law of the case.

SCOTT, C. J., and BEARD, J., concur.