## HOLLAND & COMPANY v. ADAMS.

A contract of conditional sale of personal property, though not recorded until after the expiration of thirty days from the date of its execution, will take precedence of a judgment obtained against the purchaser after the actual record of the contract.

Submitted February 10, — Decided March 22, 1898.

Trover — certiorari. Before Judge Reese. Elbert superior court. March term, 1897.

On August 14, 1891, Miss Minnie L. Bell bought an organ of W. Y. Holland & Company, giving therefor her note, payable in two instalments, the first due November 20, 1891, and the other one year afterward. The note stipulated, that in default of payment of either of said instalments the full amount of the note should immediately become due and collectable without further notice or demand, the organ to remain the property of Holland & Company until it was paid for in full; and that in case of failure to pay either of the instalments at the times specified, Holland & Company, or their agent, might enter the premises where the organ might be and take possession thereof without any process of law whatever, the taking of the same back or claiming the whole purchase-money to be at the option of Holland & Company. Upon the back of this note is an entry of filing for record in the clerk's office on November 28, 1891, and of actual record on January 2, 1892. On October 7, 1893, T. L. Adams obtained judgment in a justice's court against Minnie L. Bell for about $50, and the execution issuing therefrom was entered on the general execution-docket in October, 1893, by the clerk of the superior court. On October 16, 1896, this execution was levied by a constable on about 1,000 pounds of seed-cotton, a sewing-machine, a bureau and bedstead, and upon the organ before mentioned. All this property was sold on November 7, 1896, for $26.75, the organ being purchased by Adams, the plaintiff in fi. fa. No part of the purchase-price of the organ was ever paid to Holland & Company. They brought suit in bail-trover against Adams for the recovery of the organ, and obtained a verdict. On certiorari final judgment was rendered in favor of Adams, declaring the organ to be his property free from the claims of Holland & Company; and they excepted.

*W. L. Hodges*, for plaintiffs.　*J. N. Worley*, for defendant.

COBB, J. The single question involved in this case is: Which is entitled to priority, a contract for the conditional sale

of personal property, not recorded until after the expiration of thirty days from the date it was executed, or the lien of a judgment rendered against the purchaser after the actual record of the contract of conditional sale? The law of this State declares: "Whenever personal property is sold and delivered with the condition affixed to the sale, that the title thereto is to remain in the vendor of such personal property until the purchase-price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves, the contract as made by them shall be valid, and may be enforced whether evidenced in writing or not." And "Conditional bills of sale must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to the registration of mortgages." Civil Code, §§ 2776, 2777. In the case of *Rhode Island Works* v. *Empire Lumber Company,* 91 *Ga.* 639, it was held that the provisions of section 1957 of the Code of 1882, now contained in section 2727 of the Civil Code, applied to contracts of conditional sale. That section declares: "Mortgages not recorded within the time required remain valid as against the mortgagor, but are postponed to all other liens created or obtained, or purchases made prior to the actual record of the mortgage. If, however, the younger lien is created by contract, and the party receiving it has notice of the prior unrecorded mortgage, or the purchaser has the like notice, then the lien of the older mortgage shall be held good against them." The present Chief Justice, in the opinion in the case cited supra, uses this language: "The provision as to record . . places the contract upon the same footing in this respect as a mortgage on personalty, and renders the effect of failure to record the same as it would be in the case of a mortgage." Civil Code, § 2730, provides, that "due record of a mortgage, though not made in the time prescribed, is notice from the time of record to all the world."

It would seem thus to be clear that, applying the sections as

to mortgages above quoted to contracts of conditional sale, the record of such a contract would be constructive notice to every one, notwithstanding the fact that the record takes place after the expiration of the time in which the law declared that it should be recorded. It was contended, however, that this could not be true, because after the expiration of thirty days the title which, by the terms of the contract, did not pass to the buyer, would, upon the failure of the seller to record his contract in that time, pass to the buyer, and the property which was the subject-matter of the sale would become the property of the buyer. This would be true, except for that provision in the code, which, after declaring that such contracts must be recorded within thirty days from their date, provides that such papers "in other respects shall be governed by the laws relating to the registration of mortgages." Under the ruling made in the case above cited, a contract of conditional sale of personal property and a mortgage on the property are placed identically upon the same footing, so far as the effect produced by recording or failure to record the instrument in question is concerned. It is true that in the case of *Steen* v. *Harris*, 81 *Ga.* 681, it was held that, "Relatively to subsequent creditors of the purchaser, a conditional sale of chattels, not duly recorded, is the same as an absolute sale." An examination of that case will show that the contract of conditional sale had not been recorded at all. Under such circumstances no other conclusion could have been reached than the one announced in that case. There is nothing in that decision to conflict with the ruling made in the present case.

<div align="center">

*Judgment reversed. All the Justices concurring.*