## In re GOSCH.

### (District Court, S. D. Georgia, E. D. March 16, 1903.)

1. CONDITIONAL SALE—FAILURE TO RECORD—EFFECT AS TO SUBSEQUENT CREDITORS.

   Under the direct provisions of Code Ga. 1895, §§ 2776, 2777, a conditional sale is absolute as to subsequent creditors, unless it is evidenced by writing, and unless the writing is recorded within 30 days from its date.

2. SAME—DATE OF CONTRACT.

   Under Code Ga. 1895, § 2777, requiring conditional bills of sale to be recorded within 30 days from their date, where the contract clearly bears date, it must be recorded within 30 days from that time, and not within 30 days from the actual delivery of the property sold.

Petition of Creditors for Review of Referee's Finding.

Max Isaacs, for claimant.

Kay, Bennett & Conyers, for objecting creditors.

SPEER, District Judge. The bankrupt was the owner of a manufactory of window sashes and doors in Brunswick. For the purposes of his business he had purchased from the Berlin Machine Works a sander. This, it seems, is a sort of sand bellows used for the purpose of polishing wood. The sale of this implement was conditional, the vendor seeking to reserve the title. It is insisted, however, that this effort must fail, for the reason that by the law of Georgia a conditional sale is absolute as to subsequent creditors, unless it is evidenced by writing, and unless that writing is recorded in accordance with the statute. The referee to whom the intervention was submitted sustained the claim of the Berlin Machine Works, and directed that the sander be redelivered, to the exclusion of the rights of other creditors. It is perfectly clear from the state law that, unless such sales as these are recorded, the vendor possesses no advantage over subsequent creditors. In the case of Steen and Marshall v. Harris, 81 Ga. 682, 8 S. E. 207, the Supreme Court of the state, by Mr. Justice Bleckley, declares:

"As against Harris the conditional element counts for nothing. No record of the contract having been made as the statute requires, the sale is to be treated as absolute so far as the rights of Harris are concerned"—citing the Code, § 1955a.

The statute has been re-enacted by a subsequent Code, and is now found in section 2776 of the latest codification (1895). This provides:

"Whenever personal property is sold and delivered with the condition affixed to the sale, that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of the title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as between the parties themselves, the contract made by them shall be valid, and may be enforced whether evidenced in writing or not."

The next paragraph (section 2777) provides:

"Conditional bills of sales must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to the registration of mortgages."

Now, there could be little difficulty about this question if we were at entire liberty to regard the date of the contract as that appearing on the bill of sale itself. The Supreme Court, however, has seemed to declare in Wheeler & Wilson Company v. Bank, 105 Ga. 61, 31 S. E. 49, that the date of the real contract is the time of delivery. This is the only case cited in the brief of learned counsel for the Berlin Machine Works which contains this proposition, and, in view of the manner in which the question was presented to the court, and the cursory way in which it was disposed of, is to be regarded as obiter, rather than a conclusive determination. After stating the law to require, with regard to conditional sales, that they must be recorded within 30 days from the date, the learned chief justice remarks, "Treating the date of the real contract as of the time of delivery, which was March 1st, it should have been recorded within thirty days from that time." Since, however, as we have seen, such contracts must be in writing, and since they must be recorded within 30 days from date, it seems safer to conclude that, where the contract clearly bears date, that record must be made within 30 days thereafter, and not within 30 days from the actual delivery of the property sold.

It is true that generally delivery of personal property is essential to a contract of sale, but this rule is not invariable, and a sale not otherwise forbidden by law may be completed and evidenced by a written contract like that before the court, even though delivery is postponed. The contract here is in the form of an order partly written and partly printed. It was given February 1, 1902, and was accepted three days later. It was this instrument which contains the stipulation:

"It is agreed that the property mentioned above shall remain in the consignor until fully paid for in cash, and that in case of rejection consignee will promptly return it to consignor F. O. B. at Beloit, Wisconsin, and that this contract is not modified or added to by any agreement not expressly stated herein, and that a retention of the property forwarded, after 30 days' from date of shipment, shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and void all its contracts of warranty express or implied. It is further agreed that the purchaser shall keep the property fully insured for the benefit of the Berlin Machine Works."

This contract is not recorded until the 20th day of June, long after the period within which it must have been recorded to have secured the exclusive rights of the vendor. It is very plainly the policy of the state to enforce the restrictions made upon conditional sales, and this

court feels obliged to respect that policy when plainly indicated by its enactments.

We therefore do not feel at liberty to agree with the conclusion of the referee that the contract was recorded immediately after its execution, and for these reasons must hold that the intervention of the Berlin Machine Works should be denied.