### CHILBERG v. SMITH.

### In re AMERICAN MACH. WORKS.

(Circuit Court of Appeals, Ninth Circuit. December 6, 1909.)

#### No. 1,748.

**1. SALES (§ 465*)—CONDITIONAL SALE—EFFECT OF FAILURE TO RECORD—WASHINGTON STATUTE.**

Ballinger's Ann. Codes & St. Wash. § 4585 (Pierce's Code, § 6547), which provides that all conditional sales of personal property shall be absolute as to purchasers, incumbrancers, and subsequent creditors in good faith unless within 10 days after the property is placed in the possession of the vendee a memorandum of such sale stating its terms and conditions shall be recorded, declares a public policy of the state, and is to be strictly construed, and after a conditional sale has become absolute under its terms the recording of the contract does not again make it conditional nor charge subsequent creditors of the vendee with notice.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 465.*]

**2. BANKRUPTCY (§ 184*)—PROPERTY PASSING TO TRUSTEE—PROPERTY HELD UNDER CONDITIONAL SALE.**

Under Bankr. Act July 1, 1898, c. 541, § 67a, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), the interest which passes to the trustee in personal property, sold to the bankrupt on condition, depends on the law of the state, and, where the bankrupt is in possession under a conditional sale which under such law has become absolute as to subsequent creditors for want of record, both possession and title pass to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

Petition for Revision of an Order and Decree of the District Court of the United States for the Northern Division of the Western District of Washington.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the American Machine Works, bankrupt. On petition by A. Chilberg to review order of District Court. Dismissed.

The petitioner filed in this court his petition for the review of a final order and decree in bankruptcy, alleging, in substance: That on March 13, 1907, the Seattle Hardware Company made a conditional sale of certain "channel iron" to the American Machine Works, and on said date delivered the same to the said vendee; that the conditional sale was evidenced by a memorandum in writing, which was recorded on July 17, 1907, some four months after the date of the sale; that on December 18, 1907, the Seattle Hardware Company sold and assigned to the petitioner all its right, title, and interest in and to the said property; that the said property has not been paid for; that on August 1, 1908, the American Machine Works was adjudged a bankrupt, and the respondent was thereafter elected its trustee in bankruptcy, and took possession of all the assets of said bankrupt, together with the said channel iron, and has denied the possession thereof to the petitioner; that "none of the present general creditors of the said American Machine Works, bankrupt, were such creditors prior to the time of the filing of said conditional bill of sale; but that all the general indebtedness of said bankrupt was incurred subsequent to said date;" that the facts in regard to the said sale were embodied in a petition to the District Court, to which petition the trustee filed a demurrer, and upon the hearing the demurrer was sustained, and the petition dismissed, to which said petitioner duly excepted.

Frank E. Hammond and A. J. Tennant, for petitioner.
Daniel Landon, for respondent.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The question presented on the petition is the construction to be placed upon section 4585, Ballinger's Ann. Codes & St. Wash. (section 6547, Pierce's Code), which provides that:

"All conditional sales of personal property or leases thereof containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to the purchasers, incumbrancers, and subsequent creditors in good faith, unless within ten days after taking possession by the vendee, a memorandum of such sale, stating its terms and conditions, and signed by the vendor and vendee, shall be filed in the auditor's office of the county wherein, at the date of the vendee's taking possession of the property, the vendee resides."

The petitioner contends that the purpose of the statute is to give notice to persons who might become creditors of the vendee, and that, inasmuch as the memorandum of the conditional sale was recorded prior to the time when any of the creditors of the bankrupt extended credit, they are charged with constructive notice of the rights of the vendor, and were therefore not subsequent creditors in good faith, within the terms of the statute.

Ordinarily, certain instruments, such as deeds and mortgages, may be recorded at any time after their execution, and the record will be effective as against all claims attaching subsequently, unless there have been such circumstances and unreasonable delay as to constitute laches, and ordinarily statutes in regard to the registration of such instruments, while requiring that they be filed within a certain time, are not to be so construed as to render them void as to subsequent lienors with notice if not so recorded. But the statute of Washington, in regard to

the registration of conditional sales, declares the policy of the state in regard to agreements, whereby a vendee of personal property so sold is placed in the possession thereof with all the apparent indicia of ownership, and it clearly provides that, unless the instrument be recorded within 10 days from the delivery of the property to the vendee, the sale shall be absolute as to subsequent creditors in good faith. The period of 10 days thus provided is the limit of the time within which the right to continue to hold, as conditional as to all the world the sale of personal property, may be exercised. At the end of that time, it no longer exists, and subsequent creditors are not required to examine the records to ascertain whether the vendor retains the title to the property. The statute was evidently enacted in view of the common-law rule that the title to property passes by delivery of possession, and possession is evidence of ownership, and the intention of the Legislature is clearly expressed, that all conditional sales of personalty shall be absolute as to subsequent creditors and lienors unless the provisions of the act are strictly complied with.

Cases in point are Bugbee v. Stevens, 53 Vt. 389, and In re Bosch (D. C.) 121 Fed. 602. The petitioner cites Sayward v. Nunan, 6 Wash. 87, 32 Pac. 1022, as affording a construction of a similar statute of the state. In that case the court said that the failure to record the bill of sale within 10 days would protect only such parties as had obtained intervening rights after its execution, and before it was filed for record, but the language of the court in that case had reference to the failure to record an absolute bill of sale, in a case where the property sold remained in the possession of the vendor, and the construction to be given to a section of the statute which declared that no bill of sale for the transfer of personal property should be valid as against existing creditors or innocent purchasers when the property was left in the possession of the vendor, unless the bill of sale be recorded within 10 days after the date thereof. The decision casts no appreciable light on the question of the construction of the statute which is involved in the present case.

The petitioner contends that since, in any view of the effect of the statute, title upon a conditional sale does not pass as between the vendor and the vendee, the trustee acquires no greater interest in the property than the vendee had. But the trustee in bankruptcy is not in the attitude of a mere assignee of property for the benefit of creditors, who takes only the title of his assignor, and is not affected by statutes requiring registration of conditional sales, as is held in such cases as Peet v. Spencer, 90 Mo. 384, 2 S. W. 134; Tufts v. Thompson, 22 Mo. App. 564; Thomas Mfg. Co. v. Huff, 62 Mo. App. 124; Adams v. Lee, 64 N. H. 121, 13 Atl. 786; Warner v. Jameson, 52 Iowa, 70, 2 N. W. 951; and other cases. Under the bankruptcy law, the interest which passes to the trustee in personal property sold to the bankrupt upon condition depends upon the law of the state. In jurisdictions where the statute makes such an unrecorded conditional sale absolute as to subsequent purchasers, pledgees or mortgagees in good faith, and to no others, the failure to record does not affect the title of the vendor as against the vendee's trustee. Hewitt v. Berlin Mach. Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986. But, if, as

in the state of Washington, the bankrupt is in possession under a conditional sale which becomes absolute as to subsequent creditors for want of the registration required by law, both the possession and the title pass to the trustee, for in such a case the property, while. in the possession of the vendee before bankruptcy, might have been levied upon and sold by creditors. Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]) § 67a; In re Leigh Bros. (D. C.) 96 Fed. 806; In re Fraizer (D. C.) 117 Fed. 746; Chesapeake Shoe Co. v. Seldner, 122 Fed. 593, 58 C. C. A. 261; In re Smith & Shuck (D. C.) 132 Fed. 301; In re Franklin Lumber Co. (D. C.) 143 Fed. 852; Hanson v. W. L. Blake & Co. (D. C.) 155 Fed. 342.

The petition must be dismissed.