[Civil No. 2000.  Filed January 24, 1924.]

[222 Pac. 411.]

# JAMES CASHMAN, Appellant, v. CAL. J. LEWIS and CHLORIDE STORE COMPANY, Appellees.

1. SALES—INDORSEMENT ON CONDITIONAL CONTRACT NOT NOTICE TO ATTACHING CREDITORS.—That buyer had indorsed on an unrecorded conditional sale contract, a statement that it had been unable to pay for the property and therefore surrendered all rights therein to seller *held* not notice to attaching creditors of the seller's rights.

2. SALES—KNOWLEDGE OF SALE NOT NOTICE THAT IT WAS CONDITIONAL.—Attaching creditor's knowledge that property had been purchased from third person was not notice that it was purchased under a conditional contract.

3. SALES—ATTACHING CREDITORS' CLAIM PREVAILS OVER CLAIM UNDER UNRECORDED CONDITIONAL SALE. — Where almost a year elapsed from the date of a conditional sale to the date the property was attached in the hands of buyer, who was in actual or apparent possession, the conditional sale was not recorded, and attaching creditors had no actual notice thereof, their attachment lien under Laws 1919, chapter 40, section 5, prevails over the claim of conditional seller.

APPEAL from a judgment of the Superior Court of the County of Mohave.  W. A. O'Connor, Judge. Affirmed.

Mr. C. W. Herndon, for Appellant.

Mr. L. L. Wallace, for Appellees.

ROSS, J.—The appellees Cal. J. Lewis and Chloride Store Company, as creditors of the Colorado River Oil & Gas Company, sued said company and attached as its property one drilling rig, one rotary triplex pump, one gas engine, and one Bain wagon.  The appellant, Cashman, claiming said personal property as

1.  See 24 R. C. L. 454.
3.  See 2 R. C. L. 862.
     See 35 Cyc. 691, 693.

his, made the affidavit and gave the bond required by
the provisions of title 6, relating to the "Trial of
Right of Personal Property" (paragraphs 1648–1672,
Civil Code 1913), whereupon said property was deliv-
ered by the sheriff to appellant, Cashman. There-
after, under the directions of the court, issues in writ-
ing were made up as provided in the statute, and in
due course a trial before the court without a jury was
had, which resulted in a verdict and judgment in
favor of appellees.

The appeal raises the question of the sufficiency of
the evidence to support the judgment. The evidence
was uncontradicted that the property was formerly
owned by appellant, who resides in Nevada, that on
or about December 8, 1919, he delivered said property
to the Colorado River Oil & Gas Company under a
conditional contract of sale, and that said company
very soon thereafter removed the same to Mohave
county, Arizona, to be used in drilling a well.

The court made findings of fact, among others that
the conditional contract of sale was never placed of
record in Mohave county, that, at the time of the levy
of the attachment, to wit, October 1; 1920, the plain-
tiffs had no knowledge or notice that appellant, Cash-
man had any claim against the property, and had no
knowledge or notice of said conditional sale contract.

The appellant argues that these findings are against
the evidence, and are not supported by the evidence,
but wherein he fails to indicate. The fact that there
was indorsed upon the conditional contract of sale,
under the signature of the "secretary and authorized
agent" of the Colorado Oil & Gas Company, a state-
ment to the effect that the company has been unable
to pay for the property and therefore surrendered all
rights therein to the appellant was no more notice
to the attaching creditors than the conditional con-
tract of sale, since it was not placed of record, and
since there is no evidence that the appellees had
actual notice of such surrender or of the conditional

sale contract. The fact that the appellees had knowledge that the property was originally bought from appellant would not in itself be any notice it was sold under a conditional contract, as contended by appellant. An inspection of the record leads to the conclusion that there is ample evidence to sustain the court's finding that the appellees had no actual notice of appellant's claim, and, since the instrument evidencing his so-called title was not recorded, there was no constructive notice. It follows that the contract under which the appellant claimed the property was void as to the attaching creditors, under the provisions of section 5, chapter 40, Laws of 1919, which reads as follows:

"(Conditional Sales Void as to Certain Persons.) Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

Almost a year elapsed from the date of sale and delivery of property before it was attached, and all that time, according to the evidence, it was in the actual or apparent possession of the purchaser. The conditional contract of sale not having been recorded within ten days after its making, or at all, and the appellees having no actual notice of the existence of such contract, their attachment lien, under the statute, should prevail over appellant's claim.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LYMAN, J., concur.