[Civil No. 3099. Filed June 16, 1931.]

[300 Pac. 193.]

In the Matter of the Estate of J. W. SULLIVAN, Otherwise Known as JERRY W. SULLIVAN, Deceased. MARGARET H. SULLIVAN, Administratrix With the Will Annexed of the Estate of DANIEL J. SULLIVAN, Deceased, Substituted for DANIEL J. SULLIVAN, Deceased, Appellant, v. JAMES A. CASHION, HOMER R. WOOD, ED WESTON, Each as Executor and Trustee of the Above Estate and Alleged Will of J. W. SULLIVAN, Otherwise Known as JERRY W. SULLIVAN, Deceased, HOMER R. WOOD, ED WESTON, MARY M. DUKE, MRS. JAMES A. CASHION, MRS. ARTHUR ATTRIDGE, and the Estate of C. P. HICKS, Deceased, MARGARET SULLIVAN and MATILDA RADZWESKI, as Legatees Under Said Purported Will, ED WESTON, and the Estate of C. P. HICKS, Deceased, as Devisees, and MARGARET SULLIVAN, Heir of Said Deceased, Appellees.

388

Messrs. Cornick & Crable and Mr. Thomas A. Flynn, for Appellant.

Messrs. Baker & Whitney and Messrs. Norris, Flynn & Patterson, for Appellees.

LOCKWOOD, J.—J. W. Sullivan, also known as Jerry W. Sullivan, died October 24, 1929, leaving a last will and testament which was duly admitted to probate December 7th, James A. Cashion, Homer R. Wood, and Ed Weston, hereinafter called appellees, being named as executors. Thereafter and on February 20, 1930, Daniel J. Sullivan filed in the proceedings in which the will was admitted to probate a document entitled "petition to revoke probate of will," which set up various reasons why the petitioner believed that the will was invalid, and prayed "that the order admitting to probate said purported will be set aside and revoked; that the letters testamentary heretofore issued to the said James A. Cashion, Homer

Wood and Ed Weston be revoked; that he be duly appointed administrator of said estate. . . . ''

The matter was heard before the court sitting with a jury, and after the evidence was all in counsel for appellees moved for an instructed verdict in their favor on the ground that the evidence was not sufficient to sustain the allegations of the petition. The motion was granted and, appellees having moved for judgment in accordance with the verdict, the court rendered judgment in accordance with such verdict and motion on June 26, 1930. A motion for a new trial was duly made which was overruled on September 4th, and on September 15th notice of appeal was given ''from that certain judg-. ment rendered in the Superior Court of the County of Yavapai, State of Arizona, in the above entitled matter of the 26th day of June, 1930,'' and ''from that certain Order made and entered in the above entitled matter in the above entitled court on 4th day of September, 1930, refusing a new trial. . . . ''

Daniel J. Sullivan, the contestant in said proceeding, died November 23, 1930. Margaret H. Sullivan, hereinafter called appellant, was thereafter appointed as administratrix with the will annexed of the estate of Daniel J. Sullivan, and on motion was substituted for the latter in this appeal, and filed an appeal bond March 3, 1931. This sufficiently states the facts for the consideration of the issues involved herein.

Appellees have filed a motion to dismiss the appeal on the ground of lack of jurisdiction in this court to entertain it. Ordinarily motions of this kind are determined without a formal opinion being filed, but in this case since a question of considerable importance to the general practice of law in Arizona is raised, we depart from our usual custom and discuss the reasons for our decision.

The right of appeal is peculiarly a creature of statute, and appeals can be taken only in the time and

manner provided by law. *Levy* v. *Stofella,* 14 Ariz. 262, 127 Pac. 725; *Miami Copper Co.* v. *Strohl,* 14 Ariz. 410, 130 Pac. 605; *Navajo-Apache Bank & Trust Co.* v. *Desmont,* 17 Ariz. 472, 154 Pac. 206. The provisions of the Revised Code of Arizona of 1928, regulating appeals and necessary for our consideration in this case, read as follows:

"3658. Judgments and orders reviewable by appeal only; by whom. A judgment or order in a civil action or proceeding may be reviewed by appeal as prescribed in this chapter, and not otherwise; such an appeal may be taken by any party aggrieved by such judgment or order."

"3659. Judgments and orders reviewable. An appeal may be taken to the supreme court from a superior court in the following cases:

"1. From a final judgment entered in an action or special proceeding commenced in a superior court. . . .

"3. From a judgment or order granting or refusing to grant, revoking or refusing to revoke, letters testamentary, or of administration, or of guardianship; or admitting or refusing to admit a will to probate, or against or in favor of the validity of a will, or revoking or refusing to revoke the probate thereof. . . . "

"3661. Time for taking appeal. An appeal may be taken from a final judgment of the superior court in a civil action, or special proceeding commenced in such court, at any time within six months after the rendition of such judgment, and from any other judgment or order at any time within sixty days after the making of such order."

It is the contention of appellees that the judgment and order appealed from in this case are "a judgment or order . . . refusing to grant . . . letters . . . of administration . . . " and "a judgment . . . in favor of the validity of a will . . . refusing to revoke the probate thereof, . . . " and that an appeal from a judgment and order of the nature described above must be taken within sixty days after the making

thereof. Appellant, on the other hand, insists that the appeal is "from a final judgment entered in an action or special proceeding commenced in a superior court" and that such appeal may be taken within six months after rendition of the judgment.

It is admitted by both parties that the appeal was perfected more than six months after rendition of the judgment, and more than sixty days but less than six months after the overruling of the motion for a new trial. Had paragraphs 1226 and 1228 of the 1913 Civil Code been in effect when this appeal was perfected, it is conceded by appellant that the motion would have been well taken. These paragraphs read as follows:

"1226. A judgment or order in a civil action or proceeding or in a probate proceeding may be reviewed by appeal as prescribed in this chapter, and not otherwise."

"1228. Every final judgment of a superior court in any action or proceeding originally brought in such court or brought into that court from another court, except probate proceedings, shall be deemed a final judgment. Every order, judgment or decree of a superior court in a probate proceeding and every order other than a final judgment as above defined shall be deemed an order, within the meaning of this chapter."

When the Code of 1928 was adopted, paragraph 1228, *supra*, was dropped entirely, and no substitute therefor was provided. Paragraph 1226 was not reenacted, but in lieu thereof section 3658, *supra*, was adopted. It is urged by appellant that the effect of this change in the statutes was to place judgments in probate proceedings in all respects in the same category as judgments in other civil actions or proceedings, and that such being the case, since the judgment rendered in the case at bar was in effect a final one, permanently disposing of the issues raised in the petition, it was within the meaning of section 3661,

*supra,* "a final judgment of the superior court in a civil action," and as such appealable at any time within six months after the motion for new trial had been disposed of. *Bryan* v. *Inspiration Consol. Copper Co.,* 27 Ariz. 188, 231 Pac. 1091.

This contention would have much strength had the legislature at the time it omitted to re-enact paragraph 1228, *supra,* and modified paragraph 1226, *supra,* omitted also what is now subdivision 3 of section 3659, *supra.* In such case the argument would be unanswerable that probate proceedings, so far as appeals were concerned, were subject to exactly the same rules as any other civil matters. *In re Barrett's Estate,* 22 Wyo. 281, 138 Pac. 865, 141 Pac. 95. It will be noted, however, that subdivision 3, *supra,* not only covers specifically matters arising in probate proceedings, but it enumerates practically every judgment or order which could be made therein from which an appeal could reasonably be desired. If the legislature intended to treat appeals in probate in the same manner as those in any other civil proceeding, it was absurd for it to specify so particularly and carefully the different kinds of judgments and orders in probate from which appeals could be taken.

It is the general rule of statutory construction that where there is in a statute a specific clause, and also a general one which in its most comprehensive form would include the former, the general clause is deemed to affect only such cases within its general language as are not within the provisions of the specific one. *United States* v. *Chase,* 135 U. S. 255, 34 L. Ed. 117, 10 Sup. Ct. Rep. 756; 25 R. C. L. 1010. It is well known that it was the object of the code commissioner and the legislature in preparing the Revised Code of 1928 to change the legal meaning of the existing law as little as possible, but, as stated in the preface to the official edition of said Code, "to reduce in language" and to avoid redundancy. Chapter 35, Sess.

Laws 1925. We should therefore presume that when a word, a phrase, or a paragraph from the 1913 Code is omitted from the Code of 1928, the intent is rather to simplify the language without changing the meaning, than to make a material alteration in the substance of the law itself. Of course, if the only conclusion which can be drawn from the new language is that it was intended to change the legal effect of the statute, the latest expression of the will of the legislature must prevail, but where two meanings can be given, we should assume rather that one which leaves the law as it was originally than the one which changes the legal effect of the statute as well as its phraseology.

Taking all things into consideration, we are of the opinion that the legislature by the changes which were made in paragraph 1226, *supra,* and the omission of paragraph 1228, *supra,* did not intend to include the probate judgments specifically mentioned in subdivision 3 of section 3659, *supra,* in the class of final judgments described in the first phrase of section 3661, *supra,* but meant rather to leave them as they were originally as "other judgments or orders" which must, under said section 3661, be appealed within sixty days after they are made.

An appeal is not perfected until the bond is filed. Section 3667, Rev. Code 1928. Since this was not done within the sixty days provided by law within which an appeal from a judgment or order of the nature involved in the present case can be taken, and since under section 3680, Revised Code of 1928, the court is without jurisdiction to extend the time for taking an appeal, it follows that we are without jurisdiction to entertain this appeal, and the motion to dismiss must be granted. *Town of Flagstaff* v. *Gomez,* 23 Ariz. 184, 23 A. L. R. 661, 202 Pac. 401.

It is so ordered.

McALISTER, C. J., and ROSS, J., concur.