[Civil No. 3343.  Filed February 12, 1934.]

[29 Pac. (2d) 730.]

A. A. CASTANEDA, as Assignee for the Benefit of Creditors of TUCSON SHOE COMPANY, a Corporation, Insolvent, Appellant, v. THE NATIONAL CASH REGISTER COMPANY, a Corporation, Appellee.

Mr. Leslie C. Hardy, for Appellant.

Mr. Ben C. Hill, for Appellee.

ROSS, C. J.—The appellee, the National Cash Register Company, commenced this action to recover of A. A. Castaneda, assignee, a cash register, or an

unpaid balance thereon of $315. The register was sold by it on March 17, 1931, to the Tucson Shoe Company under a conditional sales contract by the terms of which it retained ownership and title until the register was fully paid for. On August 4, 1932, the Tucson Shoe Company being insolvent made a general assignment for the benefit of its creditors to the defendant, A. A. Castaneda, who thereafter took possession of the cash register and now, as such assignee, claims it free of any claim of the appellee. This claim is based solely on the ground that the conditional sales contract was not filed for record in the office of the county recorder of Pima county, the county in which the cash register was first kept for use, within ten days after the making of the contract, although it was filed in such office on April 10, 1931, or about sixteen months before Castaneda as assignee came into the possession of the register. In other words, while the contract was not filed until twenty-four days after it was made, it was filed long before the assignee defendant acquired any rights in the register.

From a judgment against him, the defendant has appealed, contending that the seller's reserved property in the register was lost for failure to file within ten days after the making of the conditional contract.

In determining the respective claims, it is necessary to construe section 2890 of the Revised Code of 1928, being a part of the Uniform Conditional Sales Act, but changed in phraseology from the original act so that it presents a rather difficult question. Section 2890 reads as follows:

"Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, is valid as to all persons, except as hereinafter otherwise provided; it is void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the

goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof be filed as hereinafter provided; and is void as to all persons except the buyer unless such contract or copy is so filed within ten days after the making of the conditional sale.''

This section is a revision and consolidation of sections 4 and 5 of chapter 40 of the Laws of 1919, entitled, ''Concerning Conditional Sales and to Make Uniform the Law Relating Thereto.'' These sections read:

''Section 4. (*Conditional Sales Valid Except as Otherwise Provided.*) Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided.

''Section 5. (*Conditional Sales Void as to Certain Persons.*) Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed, within ten days after the making of the conditional sale.''

Under these sections the seller is allowed ten days after the making of the contract in which to file it. The provisions thereof for the ten days are valid as against the whole world, and, if within that time the contract is filed, its provisions reserving the seller's property therein continues valid as to everyone until fully performed. After ten days from the making of the contract, if it is not filed, its provisions are valid as to persons purchasing the goods of the buyer or persons as creditors of the buyer acquiring by attachment or levy a lien thereon with notice of the conditional sales contract. In other words, one

who purchases the goods of the buyer knowing that he is a conditional buyer, or his creditors who with such knowledge attempt to subject the property to the payment of their debts, acquires rights inferior to the seller's. A failure to file within the ten days after the making of the contract invalidates the provision reserving property in the seller as to a purchaser from the buyer or attaching or lien creditors without notice. Filing after the ten days, however, is constructive notice and protects the seller's interest as against subsequent buyers and lien or attachment creditors.

The Supreme Court of Kansas in *Commercial Credit Co.* v. *Gaiser,* 134 Kan. 552, 7 Pac. (2d) 527, in construing our section 2890, decided (see syllabus 1):

"Notwithstanding statute making conditional sale void as to others than buyer if not recorded within ten days, belated recording protects rights of holder as against one acquiring interest after recordation."

While the effect under sections 4 and 5, *supra,* of a belated filing upon those acquiring interests in property thereafter has not been directly passed upon, this court in at least two cases recognized or intimated that such a filing is constructive notice. *Bradshaw* v. *Kleiber Motor Truck Co.,* 29 Ariz. 293, 241 Pac. 305; *Cashman* v. *Lewis,* 26 Ariz. 95, 222 Pac. 411.

The Commissioners on Uniform State Laws drafted the Conditional Sales Act, and in a note, in 2 Uniform Laws Annotated 9, they say:

"A filing after ten days from the date of the making of the contract of course protects the seller against all subsequent purchasers or creditors who buy or levy on the goods."

In 2A Uniform Laws Annotated 90, the authors have to say, with reference to the reason for requiring a filing, the following:

"The object in permitting the seller a short time within which to file his contract is to allow for delays necessarily occurring after the delivery of the goods or the making of the contract. The contract may have to be sent by a local office to a main office for approval, or may have to be mailed from the place where the contract was made to a distant place for record. Because of the practical hardship in some cases occasioned by requiring immediate record, the seller is given protection in his reserved title for a short time without any record. The purpose of this ten day provision is not to penalize the seller if he does not file within a short time, but to protect him a short time without filing. Creditors of and purchasers from the conditional buyer are not harmed by a delay in filing on the part of the seller, if there is filing before the rights of the creditors or purchasers accrue. The purchasers and creditors have a right to demand that there shall be a record at the time they buy or acquire a lien, but they have no right to complain if the record was made twenty days after the delivery of the goods, instead of ten days, so long as it was made prior to their acquisition of a claim against the goods. It was certainly the intention of the Commissioners on Uniform State Laws to make a filing in twenty or thirty days after the making of the contract, valid as against all purchasers from the buyer subsequent to the filing and against all creditors of the buyer levying or attaching after the filing. The matter was fully discussed. The intent of the Commissioners was undoubtedly explained by them to the legislatures of the various states which have adopted the Act, and so has become the legislative intent."

These courts have directly passed upon this question and sustain the view we adopt. *Commercial Credit Co.* v. *Gaiser, supra; Holland* v. *Adams,* 103 Ga. 610, 30 S. E. 432; *Twin Theatre Co.* v. *Liquid Carbonic Co.,* 134 Ga. 460, 67 S. E. 1033; *Morey & Co.* v. *Schadd,* 98 N. J. L. 799, 121 Atl. 622; *Bent* v. *H. W. Weaver, Inc.,* 106 W. Va. 164, 145 S. E. 594.

Washington takes the contrary view. *Chilberg* v. *Smith*, 174 Fed. 805, 98 C. C. A. 513; *American Multigraph Sales Co.* v. *Jones*, 58 Wash. 619, 109 Pac. 108. When we take into consideration that the purpose of a filing is to give notice, the first line of decisions seems to have the better of the argument.

Section 2890, *supra*, is practically a copy of sections 4 and 5, *supra*, until the last sentence. It protects and saves the seller's reserved property, as did sections 4 and 5, as to all persons who acquire an interest therein with notice, in one breath; and, in the next breath, unlike sections 4 and 5, invalidates such interest unless the contract or a copy is filed within ten days after the making thereof.

We think the legislature did not intend that one with knowledge of the seller's reservation of property should acquire rights superior to his or be able to acquire the property free from his claim for the lack of filing, provided such party had actual notice or acquired his right subsequent to the filing of the contract, even though it was filed later than ten days after its making. It evidently intended to protect the *bona fide* purchaser and the creditor without notice, and not those who knew of the conditional contract and its reservation to the seller. If the provision in section 2890 be construed as though it read, "and is void as to all persons *without notice* except the buyer unless such contract or copy is so filed within ten days after the making of the conditional sale," it would conform with the sentence just preceding and effectuate what must have been the legislative intent and avoid a construction that would contradict and neutralize other parts of the section. This section provides, first, that the seller's reserved rights are valid as to all persons who have notice thereof, including those persons acquiring rights in the property after a belated filing; and, second, it apparently provides that the seller's reserved property is invalid

as to all persons with or without notice except the buyer unless the contract is filed within ten days after its making. Of course the legislature did not intend to protect the seller's reserved property in one sentence and to invalidate such property under precisely the same facts in the next sentence. Effect cannot possibly be given to both these legislative expressions One or the other, we must assume, expressed what the legislature in fact and in truth intended. If we accept its own rule of construction, as stated in section 3038 of the Revised Code, we must conclude that it intended to preserve the Uniform Sales Act as originally passed. In said section it enacted:

"Laws, uniform with those of other states, shall be interpreted and construed to effect their general purpose to make uniform the law of those states which enact them."

The legislature intended to preserve uniformity and not destroy it.

What we said in *Sullivan* v. *Cashion,* 38 Ariz. 387, 300 Pac. 193, 195, with reference to the revision of our laws as found in the 1928 Code, is especially applicable to the situation here. We there said:

"It is well known that it was the object of the code commissioner and the Legislature in preparing the Revised Code of 1928 to change the legal meaning of the existing law as little as possible, but, as stated in the preface to the official edition of said Code, 'to reduce in language' and to avoid redundancy. Chapter 35, Session Laws 1925. We should therefore presume that when a word, a phrase, or a paragraph from the 1913 Code is omitted from the Code of 1928, the intent is rather to simplify the language without changing the meaning, than to make a material alteration in the substance of the law itself. Of course, if the only conclusion which can be drawn from the new language is that it was intended to change the legal effect of the statute, the latest expression of the will of the Legislature must prevail,

but where two meanings can be given, we should assume rather that one which leaves the law as it was originally than the one which changes the legal effect of the statute as well as its phraseology."

If in the general purpose of the revision the words "without notice," or their equivalent, were omitted from section 2890, it was not to change the Uniform Sales Law, but "to reduce in language" the law as originally enacted without changing its meaning.

This view of the law renders it unnecessary that we determine the other propositions made by appellee in its brief and argument. We prefer to base our opinion upon the broad proposition that the revision left the Uniform Conditional Sales Act, in the respect here involved at least, unchanged and in accord with the uniform laws of other states. The vast amount of business that is being done through conditional sales contracts emphasizes the desirability of uniformity in the laws and in their construction.

We think the judgment of the lower court was correct, and it is therefore affirmed.

LOCKWOOD and McALISTER, JJ., concur.