[Civil No. 3509. Filed October 7, 1935.]

[49 Pac. (2d) 1005.]

FANNY WALKER, Appellant, v. PEOPLES FINANCE AND THRIFT COMPANY, a Corporation, Appellee.

Mr. William Spaid and Mr. John W. Ross, for Appellant.

Mr. William R. Misbaugh, for Appellee.

McALISTER, J.—Appellant, Walker, has moved for a rehearing and a reinvestigation of the case has convinced me that her motion is in part well founded. I shall state briefly why, in my judgment, this is true.

Appellee, the Peoples Finance and Thrift Company, a corporation, is a licensed money-lender under the provisions of chapter 45, Revised Code of 1928, § 1989 et seq., and as such engaged in the business of making small loans, by which is meant a loan of $300 or less to one person. On the dates mentioned it loaned to appellant the following amounts: December 17, 1930, $240.20; December 17, 1930, $240.00; September 4, 1931, $100.00; November 27, 1931, $280.15. These loans were evidenced by four notes alike in form and bearing interest at the rate of $3\frac{1}{2}\%$ per month. Collateral for the payment of each loan in ten monthly installments was pledged, the reasonable value of the total amount put up to secure the four loans being, according to the averment of the complaint, the sum of $10,000.

Appellant made payments on each of these notes up to a certain date and failed to meet any others thereafter. So, on September 14, 1933, some time after the last of the notes became due, appellee notified her that because she had not made her payments as the notes required the collateral she had pledged as security therefor would, in accordance with the provisions of the notes, be sold on October 2, 1933, but at her request such action was postponed, and within a short time thereafter appellant filed this action, in which she seeks a cancellation of the notes and a return of the collateral pledged as security for their payment.

The pertinent provisions of the Small Loan Act, in so far as the questions involved in this case are concerned, are these: 1. Only those licensed as money lenders are permitted to charge more than the legal rate of interest (10% at that time) on loans of $300 or less (section 1989, Revised Code of 1928); 2. those licensed as such are permitted to charge interest not exceeding 3½% per month on loans of $300 or less (section 2005); 3. a money lender who charges or receives usury on a small loan forfeits his loan (section 2003); 4. a licensed money lender shall not at any time loan or permit any person to owe it more than $300 in principal (section 1989); 5. any agent or other employee of a money lender who knowingly participates in any violation of the Small Loan Act is guilty of a misdemeanor (section 2013).

It is, of course, not questioned that in making the first loan of $240.20 appellee was acting under the provisions of the Small Loan Act, but it is the contention of appellant that in negotiating the three succeeding loans it was attempting to proceed under the same authority though in view of the fact that they had the effect of raising above $300 the amount loaned her, the entire sum was advanced in violation

of this act, with the result that the whole of the $860.35 was forfeited.

Appellee takes the position, upon the other hand, that due to the fact that the loans exceeded the sum of $300, they were not made under the Small Loan Act and, therefore, the only penalty that may be properly imposed upon it is the loss of interest under the general usury statute, not a forfeiture of the principal. And even though they should be treated as separate small loans, it contends further, they are still not usurious and subject to the penalty of forfeiture since they do not bear interest in excess of $3\frac{1}{2}\%$ per month.

The highest rate of interest anyone, other than a licensed money lender under the Small Loan Act, could charge in this state at the time the loans to appellant were made was $10\%$, anything above that constituting usury under section 1884, Revised Code of 1928. The loans to appellant, however, bore a rate above $10\%$ but in view of the fact that they were made by a licensed money lender and did not carry a rate in excess of that he was permitted to charge as such, namely, $3\frac{1}{2}\%$ per month, were not usurious. This being true, the contention of appellee that the penalty section 2003 visits upon a money lender who charges or receives usury, namely, forfeiture of his loan, has no application to the loans in this case, is correct.

The fact, however, that section 2003 pronounces the penalty of forfeiture of principal as well as interest on a usurious loan of $300 or less does not mean that violations of the Small Loan Act in other respects do not have results just as serious. In that section the legislature was merely providing what the effect of usury on a small loan should be and did not have in mind the result that would attach to the loaning of more than $300 to one person at a rate of $3\frac{1}{2}\%$

per month. Other provisions of the statute, however, make this clear. Section 1989 provides that it shall be unlawful for any person to transact the business of making small loans at any interest charge exceeding the legal contract interest rate of this state, and then defines a small loan as ''a loan of money, or other valuable thing, not exceeding three hundred dollars to one person.'' Section 2005 grants a licensee the privilege of charging $3\frac{1}{2}\%$ per month, but this applies only to small loans, that is, loans of $300 or less to one person, and before this amount even may be lawfully advanced the lender must proceed in accordance with the plan therein designated. The purpose of this act was to authorize certain persons (those who complied with its terms) to exact lawfully of one individual an interest charge above the legal contract rate of this state on $300 or less, and when a loan in excess of this amount is made to one person it is just as contrary to the purpose of the act and as unlawful and violative of its provisions as a charge of more than $3\frac{1}{2}\%$ on that sum or·less would be.

The Small Loan Act was passed in 1919 and appears in the session laws of that year as chapter 91. Section 21 thereof provided that ''no person shall owe any money lender, licensed at any address, more than three hundred ($300.00) dollars for principal at one time, at the charges authorized by this act, in excess of the then general legal or contract interest rate,'' but this specific language was omitted from the revision of 1928 and due to this appellee contends that the prohibition against one person owing a licensee more than $300 at one time is not only no longer a part of the Small Loan Act but that the failure to incorporate it in the Revised Code manifests an intention on the part of the legislature to remove this limit and at the same time permit a person to become indebted to a money lender under

the act in a greater sum than this at the same time. This contention is wholly without merit, for, although the language itself may not have been carried into the 1928 Code the idea it contained is just as much a part of it as it was of the original act. Neither allows a licensed money lender to make loans in excess of $300 to one person, and to do so transgresses the language and purpose of the act in its present as well as in its original form. If the Code Commissioner and the legislature had intended otherwise in revising chapter 91 (Laws 1919) they would have gone further than merely to omit section 21, and the fact that they did not do so forces one to conclude that it was not their intention by that omission to change the meaning of the original act in such way as to permit a loan of more than $300 to one person. Keeping in mind that the purpose in preparing the Revised Code of 1928 was " 'to reduce in language' and avoid redundancy" and to change the meaning of the existing law as little as possible in accomplishing this task, we should, as was said in *Estate of Sullivan,* 38 Ariz. 387, 300 Pac. 193, 195, indulge the presumption that "when a word, a phrase, or a paragraph from the 1913 Code is omitted from the Code of 1928, the intent is rather to simplify the language without changing the meaning, than to make a material alteration in the substance of the law itself." *Castaneda* v. *National Cash Register Co.,* 43 Ariz. 119, 29 Pac. (2d) 730. Even in the absence of this rule of construction it is plain that it was not intended by the omission of section 21 to establish as the policy of this state the right to charge 3½% interest per month on any but small loans.

■■ Inasmuch, therefore, as it is clear that the making of the second note of $240 raised the amount of the loan above the $300 the law permitted her to owe appellee at one time and that the third and fourth

loans raised it still higher, it, to my mind, follows necessarily that the agreements to repay any part thereof above the $240.20 she borrowed lawfully under the Small Loan Act were made in violation of this statute and are, therefore, void. Such was the holding of the court in *Burque* v. *Brodeur*, 85 N. H. 310, 158 Atl. 127, 129. In New Hampshire the licensee could make loans of $300 or less at an interest rate not exceeding 3% but in that case he had made three loans of $250 each at a time when the borrower was already indebted to him in excess of $300, and the court, in holding void the notes evidencing those three loans, used the following language which I think peculiarly applicable to the facts of this case and conclusive of the question involved:

"At the time these loans were made, Dionne owed the defendant much more than $300, and from this fact we think it is a necessary conclusion that his agreements to repay them were void as violations of the statute. In no other way can practical effect be given to the clear prohibition of section 24, which says that 'no person shall owe any licensee at any time more than three hundred dollars for principal.' P. L. c. 269, § 24. Language of clearer import could hardly have been used. Since no person is permitted to owe a licensee more than $300 as principal, any attempt to create a debt in excess of that amount must necessarily be void. This conclusion seems so inevitable that any reference to the rule that no right can be founded upon a transaction which involves a violation of law (*Albertson* [*& Co.*] v. *Shenton*, 78 N. H. 216, 217, 98 Atl. 516; *Morin* v. *People's Wet Wash Laundry Co.*, 85 N. H. 233, 156 Atl. 499) may well be regarded as superfluous."

The fact that the licensee is prohibited by the Small Loan Act from lending more than $300 to one person does not mean that if he does so in spite of this provision the loan automatically becomes an ordinary loan subject only to the penalty imposed by section

1884, *supra,* namely, the loss of the interest on the entire loan. Having proceeded under this act, both in making the loans and in collecting a part of the principal and interest thereon, the conclusion is inescapable that he is estopped from later claiming that the loan was not made thereunder even though it did exceed $300. One cannot, when the legality of his act in connection with this transaction is called in question, shift his ground and compel the borrower to satisfy the loan under some other provisions of the statute.

That appellee proceeded under the Small Loan Act in making the loans, or intended and attempted to do so, there cannot exist the slightest doubt. The four notes were exactly alike except as to date and amount. They each bore $3\frac{1}{2}\%$ interest per month and called for payment in accordance with the terms of that law. Appellee knew full well that it could collect no interest at all if the notes bore $3\frac{1}{2}\%$ per month and were made otherwise than under the provisions of the Small Loan Act because that was more than the legal contract rate of 10% which the statute permitted at that time on other loans, would have constituted usury, and have had the effect of forfeiting all interest. And it would seem to be plain that one in the business of loaning money at $3\frac{1}{2}\%$ per month, which means 42% annually, or even at any smaller rate, would not knowingly make a loan on which no interest at all could be collected. Appellee evidently acted upon the theory that since the loans were made separately, each in an amount under $300, they were lawful under the Small Loan Statute, the fact that they totaled more than $300 and were made to the same individual being, in its view, immaterial. But both the language and purpose of the act are such that it is difficult to understand how any reasonable

person could arrive at this conclusion for it must be clear to everyone that no legislature would have adopted for the people of this state the policy of permitting such an exorbitant rate of interest as 3½% per month on any but small loans and that it would be a violation of the act to make a loan at that rate in any greater sum than the maximum that body prescribed, whether advanced in one or separate amounts, or evidenced by one or several notes.

It is my view, therefore, that since the first loan of $240.20 was not over the $300 maximum, it was lawfully made, but that the other three loans, having been advanced in violation of the Small Loan Act, were unlawful and the agreement to repay them void. The notes evidencing them should be canceled and the collateral pledged for their payment returned to appellant and any payments heretofore made in satisfaction of any portion of their total of $620.15, or of the interest thereon, should be applied on any balance of principal or interest that may be due on the first loan of $240.20 as of the date they were made. If the facts should show that this first loan of $240.20 together with the interest thereon, has been satisfied appellant will be entitled to a return of the collateral she has pledged as security therefor. But, if it has not been fully paid, appellee may use whatever portion of that particular collateral that may be necessary to satisfy it, the balance thereof, if any, being returned to appellant.

The judgment of the superior court is reversed and the case remanded with instructions to proceed in accordance with these views.

ROSS, J., concurs.

LOCKWOOD, C. J., Dissenting.—Appellant, in her motion for rehearing, has not raised any question

or cited any authorities which were not fully presented to this court in her original brief or the oral argument. Notwithstanding this fact, the court, departing from its usual custom, has reconsidered the case as one of first impression. I can see nothing either in the original brief or in the motion for rehearing which causes me to believe that either the reasoning or the conclusion of the original opinion was erroneous. I think, therefore, the motion for rehearing should be denied.