172 P.2d 850

AHEE v. SORNBERGER.

No. 4876.

Supreme Court of Arizona.

Sept. 23, 1946.

Fred W. Fickett and William S. Dunipace, both of Tucson, for appellant.

Krucker & Fowler, of Tucson, for appellee.

STANFORD, Chief Justice.

This action was brought in the Superior Court of Pima County, Arizona, asking for a judgment of $178.42 and costs.

In this opinion we will style the parties as they were in the Superior Court.

Although the case went to judgment in favor of plaintiff, defendant below, after plaintiff's case was submitted, filed his motion to dismiss stating, "that the amount in controversy in this action is less than Two Hundred ($200.00) Dollars, and that this court, therefore, has no jurisdiction of this cause since the Justice Court has exclusive jurisdiction thereof."

Article 6, Sec. 6, Constitution of Arizona, pertains in part to the jurisdiction of superior courts as follows:

"The superior court shall have original jurisdiction in all cases of equity and in all cases at law * * *, and in all other cases in which the demand, or the value of the property in controversy amounts to two hundred dollars exclusive of interest and costs, * * *.

"The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; * * *."

Article 6, Sec. 9, Constitution of Arizona, in reference to jurisdiction of justices of peace states:

"The number of justices of the peace to be elected in incorporated cities and towns and in precincts, and the powers, duties, and jurisdiction of justices of the peace, shall be provided by law: Provided, that such jurisdiction granted shall not trench upon the jurisdiction of any court of record, except that said justices shall have concurrent jurisdiction with the superior court in cases of forcible entry and detainer, where the rental value does not exceed twenty-five dollars per month, and where the whole amount of damage claimed does not exceed two hundred dollars: * * *."

Sec. 19-302, A.C.A. 1939, is as follows:

"Jurisdiction and powers.—The superior court shall have the original and concurrent jurisdiction conferred by the constitution, and concurrent jurisdiction with justices of the peace in misdemeanors where the penalty does not exceed a fine of three hundred dollars ($300), or imprisonment for six (6) months. * * *"

Sec. 20-102, A.C.A. 1939, is as follows:

"Jurisdiction.—Justices of the peace have such jurisdiction only as may be affirmatively conferred on them by law. They have jurisdiction of all civil actions when the amount involved, exclusive of interest and costs, is less than two hundred dollars ($200) except where original jurisdiction has been conferred upon the superior court; * * *."

Sec. 1280, Civ. Code 1913, being the first law relating to the jurisdiction of justices of the peace adopted after the constitution, reads as follows:

"They shall have jurisdiction to try and determine all civil actions when the amount involved, exclusive of interest and costs, does not exceed two hundred dollars. * * *"

Sec. 338, Civ. Code 1913, in reference to superior courts, says:

"The original jurisdiction of the superior courts shall extend to all civil cases which involve the title to, or the possession of real property, and all civil cases relating to real property, and all civil cases involving the legality of any tax, impost, assessment, toll or municipal fine, and in all other civil cases in which the demand or the value of the property in controversy amounts to two hundred dollars exclusive of interest and costs; to actions of forcible detainer; to proceedings in insolvency; to actions to prevent or abate nuisances; to all matters of probate; to divorce, and for annulment of marriage; and to all criminal cases amounting to a felony; provided that the superior courts shall have concurrent jurisdiction with the justice courts in forcible entry and detainer where the rental value of the property does not exceed twenty-five dollars per month, and where the whole amount of damage claimed does not exceed two hundred dollars, and of misdemeanors where the penalty does not exceed a fine of three hundred dollars or imprisonment for six months."

Chapter 44 of the Regular Session of the legislature of our state for the year 1915 amended paragraph 1280 of the Code of 1913, supra, as follows:

"They [meaning Justices of the Peace] shall have exclusive original jurisdiction to try and determine all civil actions when the amount involved, exclusive of interest and costs, does not exceed two hundred dollars ($200.00). * * *"

That law giving exclusive original jurisdiction was also restated in the Laws of 1921, Chapt. 98, Par. 1, p. 186. The 1928 compilation relating to jurisdiction of justice courts reads as follows:

"Sec. 4178. Jurisdiction. Justices of the peace have such jurisdiction only as may be affirmatively conferred on them by law. They have jurisdiction of all civil actions when the amount involved, exclusive of interest and costs, is less than two hundred dollars except where original jurisdiction has been conferred upon the superior court; * * *."

This compilation of our law omitted the words "exclusive original jurisdiction."

Defendant, as appellant, in his brief asserts the following:

"By the now well recognized rule of construction the admitted meaning of the law prior to 1928 is carried into the 1928 Code. In re Sullivan's Estate, 38 Ariz. 387, 300 P. 193; Castaneda v. National Cash Register Company, 43 Ariz. 119, 29 P.2d 730; Mutual Ben. Health & Accident Ass'n v. Neale, 43 Ariz. 532, 33 P.2d 604."

Chapter 35, Regular Session of the Legislature of Arizona 1925, which provided for the revision and codification of the laws of our state, and resulting in the revision of our code in 1928, says, among other things:

"* * * The Commissioner shall prepare, or cause to be prepared, a full index to said Code, and annotations thereto. The Commissioner shall prepare proposed legislation wherever necessary to harmonize and make effective the laws of the state. * * *" Section 3.

After the appointment of the code commissioner the legislature met in session and adopted the same. However, before the adoption by the legislature of the code as revised by the code commissioner and his assistants, the legislature appointed a committee of six members known as the "Legislative Code Committee" and in the preface of the Code of 1928 it is stated: "This Committee examined the manuscript with painstaking care, checking each section of the revision with the previous section or sections."

From our case of Nethken v. State, 56 Ariz. 15, 104 P.2d 159, 161, we quote:

"The revision of 1928 has greatly reduced the language contained in the statutes of 1913 but has not changed its meaning. The direction to the code commissioner was that he 'revise and codify the laws, of the State * * *. The said Commissioner shall not, however, undertake to make any change of existing laws, but shall harmonize where necessary, reduce in language, and remove inconsistencies where the same are found to exist; * * *.' Sec. 3, Chap. 35, Laws of 1925. From this language it is apparent it was not intended to authorize any change in the meaning of the laws. We have on numerous occasions, when considering the revision of 1928, held the same meaning was carried forward, even though the language was changed by omission of words and sometimes sentences, unless it was clear that a change in meaning was intended. In re Sullivan's Estate, 38 Ariz. 387, 300 P. 193; State Tax Comm. v. United Verde Extension Mining Co., 39 Ariz. 136, 4 P.2d 395; Albert Steinfeld & Co. v. Allison Mining Co., 41 Ariz. 340, 18 P.2d 267; Castaneda v. National Cash Register Co., 43 Ariz. 119, 29 P.2d 730; Mutual Benefit Health & Acc. Ass'n v. Neale, 43 Ariz. 532, 33 P.2d 604; County of Maricopa v. Hodgin, 46 Ariz. 247, 50 P.2d 15, 101 A.L.R. 793; Melendez v. Johns, 51 Ariz. 331, 76 P.2d 1163."

On the 21st day of March, 1939, our legislature passed an act authorizing the Supreme Court to recompile the statutes of 1928. The particular section of Chapter 89 of said session of the legislature is as follows:

"Sec. 2. Recompilation of 1939. Said recompilation of 1939 shall cover all amendments to the Constitution of the United States and the Constitution of the state of Arizona, all sections of the Revised Code of 1928 and the amendments thereto and all session laws of a general and per-

manent nature which have been enacted without being made a part thereof, since the adoption of said code of 1928 and down to and through the regular session of the fourteenth legislature."

It is to be borne in mind that the authorization was merely to recompile the laws of 1928. The authorization was not to enact any new substantive laws. Therefore the rule in the Nethken case and previous decisions is applicable in the instant case. We took cognizance of this in the recent case of City of Tucson v. Tucson Sunshine Club, 64 Ariz. 1, 164 P.2d 598, although we did not specifically point out in that case that the 1939 code was a mere recompilation of the 1928 code. We thought that this was a matter generally understood by the members of the bar by virtue of the specific authorization for the 1939 compilation. In 1915, and subsequent amendments, the jurisdiction of justices of the peace was made exclusive on the matter under consideration herein. The constitution already quoted in reference to superior courts says "The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." Prior to the 1928 and 1939 compilations the law vested exclusively in the justice courts jurisdiction in civil matters where the amount involved exclusive of costs does not exceed two hundred dollars. Accordingly the plaintiff herein has no right to file his action in the superior court for the sum involved.

Judgment of the superior court is reversed with instructions to enter judgment in favor of defendant.

LA PRADE and MORGAN, JJ., concur